## SUPREME COURT.

In the Matter of the Application of the UNION VILLAGE AND JOHNSONVILLE RAILROAD COMPANY to take lands of NATHAN G. AKIN.

In *appraising lands* to be taken for a *railroad,* under the statute, the commissioners are not authorized to increase the amount of compensation which they have fixed as the full value of the land, by allowing *consequential damages,* based upon the possibility, or even probability, that the particular business in which the owner was engaged might be injured, and his property (a flax mill) decrease in value, in consequence of danger to be apprehended from fire emitted from the engines used by the company in running their road.

*Albany General Term, March,* 1868.
*Before* INGALLS, HOGEBOOM *and* PECKHAM, *Justices.*

THIS is an appeal by Nathan G. Akin from the order of the special term, confirming the report of commissioners awarding to him damages for land taken by the railroad company for the purpose of laying its track.

I. G. THOMPSON *and* M. I. TOWNSEND, *for appellant.*
D. A. BOIES, *for respondent.*

*By the court,* INGALLS, J. About four acres of the appellant's land was taken, and the commissioners awarded him $1,500. The only question raised upon this appeal is, whether the commissioners should have increased the above amount by allowing consequential damages, based upon the possibility, or even probability, that the particular business in which Akin was engaged might be injured, and his property decreased in value, in consequence of danger to be apprehended from fire emitted from engines used by the company in running their road. It is quite obvious that the commissioners, in their estimate, have considerably exceeded the actual value of the land for purely agricultural purposes, as their allowance amounts to about $400 per acre. The statute which prescribes the course to be pursued by com-

Matter of Union Village and Johnsonville Railroad Co.

missioners, in assessing damages, is as follows: "Ascertain and determine the compensation which ought justly to be made by the company to the owners or persons interested in the real estate appraised by them; and in fixing the amount of such compensation, such commissioners shall not make any allowance or determination on account of any real or supposed benefit which the parties in interest may derive from the construction of the proposed railroad, or the proposed improvement connected with such road, for which such real estate may be taken." (*Rev. Stat. 5th ed. vol. 2, p.* 674, § 16.)

After a careful examination of the authorities cited by the counsel for the respective parties, we are of opinion that the commissioners committed no error in their determination, by excluding such consequential damages, and the following cases sustain their assessment: *Albany Northern Railroad Co.* agt. *Lansing,* 16 *Barb.* 68; *Canandaigua and N. Railroad Co.* agt. *Payne, Id.* 273; *Troy and Boston Railroad Co.* agt. *Lee,* 13 *Barb.* 169. These decisions have been too long acquiesced in, as sound expositions of the law upon this ques tion, to be disturbed without very substantial reason therefor. And we conclude that the case at bar does not present features which should induce this court to interfere with the principle settled by the cases above referred to, or which distinguish this case from those cited. No rule, however wise and just in its general application, is without exceptions, wherein it operates harshly, and possibly the case at bar furnishes an illustration. It is quite obvious that the legislature intended that the advantages which would be produced by the establishment of a railroad should compensate, to some extent at least, for the disadvantages consequent thereupon; for it is expressly provided that such advantages shall not be taken into account to reduce the damages to which the owner of the land is entitled.

The appellant has upon his land a *flax mill,* which he claims will be endangered by fire. and thereby rendered less

valuable.   Now, in order to determine the damages which
Akin would be likely to suffer in consequence of an interfer-
ence with such business, it would involve the inquiry whether
or not that particular business was likely to be permanent
and profitable, which at best could only be conjectural and
unsatisfactory, and furnish no reliable basis for an appraisal
of damages.   It is clear that the legislature could not have
intended that any such uncertain criterion should be adopted.
It is not certain that the appellant's buildings would be set
on fire by the running of the engines of the company, and
if not, then no damages would accrue to appellant.   But if
fire was occasioned thereby, through the negligence of the
company, it would be liable to respond in damages.

We are therefore of opinion that the commissioners adopted
the proper rule in determining the compensation to which
the appellant was entitled, and that the order of the special
term should be affirmed, with costs.