15    63
129a  273

IN THE MATTER OF THE PETITION OF THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY TO ACQUIRE TITLE TO LANDS OF PATRICK H. JUDGE AND RICHARD L. VANDENBERGH.

*Commissioners to appraise lands for railroad purposes — what errors of, corrected on appeal — what evidence should be received by.*

When commissioners appointed to appraise lands to be taken for railroad purposes reject legal and competent evidence, or mistake the principle that should govern their appraisement, their award will be set aside.

For many years, two tracks of the petitioner ran diagonally across Broadway, in Albany, in front of a lot of one Judge, upon which stood his grocery store and dwelling-house. In 1874. the petitioner laid two additional tracks in the street, bringing them a few feet nearer Judge's building. At the hearing before the commissioners appointed to appraise Judge's damages arising from the occupation of the portion of the street adjacent to Judge's lot, taken for the additional tracks, and of which he owned the fee, Judge offered to prove that the passage of the heavily laden cars jarred the walls and partitions of his building so seriously as to require repairs to the extent of $1,000 a year; that the portion of the lot not taken had been depreciated in value by the noise, smoke and increased danger, and that such remaining portion would, in the future, be depreciated in value by the running of the cars over the new tracks. The commissioners rejected the evidence. *Held*, that this was error.

APPEAL from the report and appraisal of commissioners appointed to ascertain and determine the compensation which should be made to the owners of real estate on Broadway, in the city of Albany, taken by the petitioner for the purpose of laying two additional tracks across Broadway, and at the time of such appraisal already having such two additional tracks thereon.

*Samuel Hand*, for railroad company. The compensation can only be for the land taken, and the effect of taking it upon the part not taken, and not of the use to which the property may be legally subjected after it has been taken. (*Albany Northern R. R. Co.* v. *Lansing*, 16 Barb., 68; *Canandaigua R. Co.* v. *Payne*, id., 273; *Black River R. R. Co.* v. *Barnard*, 9 Hun, 105; *In re Prospect Park R. R.*, 13 id., 345; *Troy, etc., R. R. Co.* v. *Lee*, 13 Barb., 169; *In re U. V. and Johnsonville R. R.*, 53 Barb., 457.) The damage to the property not taken, caused by the use of that taken, is *damnum absque injuria.* (*Corey* v. *Buffalo R. R.*, 23 Barb., 482; *Arnold* v. *Hudson R. R.*, 49 Barb., 108; *Radcliff* v. *Mayor, etc.*, 4 Comst., 195; *Storey* v. *Elevated R. Co.*, 3 Abbott's New Cases, 478.)

*Amasa J. Parker*, for Patrick H. Judge, appellant. Taking the land under the report of the commissioners cuts off all future claim for damages. (*Furniss* v. *The Hudson River R. R.*, 5 Sandf., 551.) The rule of damages laid down in 56 Barbour, 456, is a correct statement of the law in question. (See, also, *N. Y. Central and Metropolitan Gas-light Company*, 6 Hun,

149, affirmed in Court of Appeals, and citing *Trustees of College Point* v. *Dennett,* 2 Hun, 669.) The decision in 56 Barbour is in accordance with the adjudications in other States. (*Wilber* v. *Eastern Co.,* 2 Metc., 147; *Parker* v. *The Boston Co.,* 3 Cush., 107; *Walker* v. *Old Colony R.,* 103 Mass., 10, 14; *Concord R. Co.* v. *Gurly,* 23 N. H., 237; *Somerville R. Co.* v. *Doughty,* 2 Zabr., 495; *Hornstein* v. *Great Western,* 51 Penn. St., 87; *Pittsburgh* v. *Gillelan,* 56 id., 445; *Will. and Read. Co.* v. *Stauffer,* 60 id., 374; *S. F. R. Co.* v. *Caldwell,* 31 Cal., 367; *Adden* v. *White Mts. Co.,* 55 N. H., 413; *St. Louis Co.* v. *Mollet,* 59 Ills., 235.) Under the English act, railroads have been held liable for all acts which, if done without legislative grant, would constitute a nuisance, and by which a party incurs special damage. (*Queen* v. *Eastern Co.,* 2 Q. B., 347; *Glover* v. *North Staffordshire,* 5 Eng. L. and Eq., 335.) The appraisers are to assess all the damages, present and prospective, to which the party will once be entitled, by the prudent construction and operation of the road. (1 Redf. on Railways [5th ed.], 278, § 71; *Dearborn* v. *Boston,* 24 N. H., 179; *Clark* v. *Vt. and Canada,* 28 Verm., 103; *Dorlan* v. *E. Br. Co.,* 46 Penn. St., 520.) Where the commissioners reject legal and competent evidence, or where they mistake the principles that should govern their appraisal, the award will be set aside on appeal. (*Troy and Boston* v. *Northern Co.,* 16 Barb., 100; *Rochester* v. *Budlong,* 6 How. Pr., 467; 13 Barb., 169.)

TAPPAN, J.:

Petitioners had, for many years before 1874, had two tracks on which it ran its trains diagonally across the street, known as Broadway, in the city of Albany, in front of the lot of Patrick H. Judge, upon which stands his grocery, meat and vegetable store and dwelling-house.

In 1874 the railroad company laid two additional tracks easterly and parallel with the old ones, in said street in front of said premises, bringing the new tracks a few feet nearer the sidewalk than the old ones were. This is an appeal by Judge and the railroad company, pursuant to section 18, chapter 140, Laws of 1850, from the appraisal and report of commissioners appointed at Special Term in a proceeding had under that statute, and the amend-

ments in chapter 282, Laws of 1854, and chapter 582, Laws of 1864.   The award by a majority of the commissioners was $1,000, as compensation for injury to the owner for taking the land.

The owner claims that the award was inadequate to compensate him for the injury sustained by such taking.   All the land in question had been previously taken by the public for a street, and at each of the times when petitioners tracks were laid thereon, was being used for that purpose.

The petitioners had made compensation to the owner of the land for using the street for the old tracks, and the company had the right to use the space occupied by these tracks for railroad purposes before the new tracks were laid, and this proceeding instituted.   The use of the street as a railroad is a new burthen beyond the public easement, which cannot be imposed by legislative authority without compensation to the owner of the premises. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97; *Carpenter* v. *Oswego & S. R. R. Co.*, 24 id., 655; *Mahon* v. *N. Y. C. R. R. Co.*, 24 id., 658; *Wager* v. *Troy & U. R. R. Co.*, 25 id., 526.) If the commissioners have rejected legal and competent evidence, or mistaken the principles that should govern their appraisal, this court should set aside the award on this appeal.   (*T. & B. R. R. Co.* v. *N. T. Co.*, 16 Barb., 100; *Rochester* v. *Budlong*, 6 How. P. R., 467; *T. & B. R. R. Co.* v. *Lee*, 13 Barb., 169.)   In making the appraisal in this case, it was the duty of the commissioners to regard the land sought to be condemned, as forming a part of the lands of Judge, to whom it had belonged subject to the public easement of a street, and the right of the railroad company to use the two tracks then existing therein. (*Matter of P. P. & C. I. R. R. Co., to acquire lands, etc.*, 20 N. Y. S. C. R., 345.)   In making such appraisal, the commissioners could not properly allow indirect or consequential damages.   Such loss has always been regarded as *damnum absque injuria*. (*Radcliff's Executors* v. *Mayor of Brooklyn*, 4 Comst., 195 [opinion 206]; *Lansing* v. *Smith*, 8 Cow., 146, same case affirmed, 4 Wend., 9; *Charles River Bridge* v. *Warren Bridge*, 11 Peters, 420; *Troy & Boston R. R. Co.* v. *N. T. Co.*, 16 Barb., 100 · [opinion 106] ; *Matter of Application of U. V. & J. R. R. Co., to take lands of Nathan G. Akin*, 53 Barb., 457; *Corey* v. *B. C. & N. Y.*

*R. R. Co.*, 23 Barb., 482; *Arnold et al.* v. *H. R. R. R. Co.*, 49 Barb., 108.)

Upon the hearing before the commissioners, certain evidence offered by the owner was excluded. He complains that such exclusion was error, and for that reason the award ought to be vacated. He offered to prove before the commissioners that between the hours of five in the morning and nine at night, 120 trains pass over the new track up, as had been ascertained by actual count since a former meeting of the commissioners, and that a proportionate number of cars pass up and over such new track between the hours of nine at night and five in the morning; that the cars are heavily loaded, and cause great and injurious jar to the walls of such building. This evidence was objected to by petitioners and excluded. The owner also offered to prove that since the laying of the new track, his buildings standing on a lot of which a portion of the street taken for the new tracks is a part has been seriously injured by the jarring caused by the trains, to such an extent as to shake down the walls and partitions, and cause the stairway to be rebuilt, and that the injury caused by the use of said tracks, damages the building in question so as to make an expense of $1,000 a year necessary to keep it in repair. This evidence was objected to by petitioners and excluded. The owner offered to prove that that portion of his lot not proposed to be taken, has been depreciated in value by the noise, smoke and increased danger, and by the jarring caused by the running of the heavy trains on the new tracks. This evidence was also excluded by the commissioners. The owner also offered to prove that the residue of his lot not taken is depreciated in value by the noise, smoke and increased danger caused by the running of trains over the new track, and would be so depreciated. This evidence was also excluded.

Under the law defining the rule to govern the commissioners and the decisions of the court construing the same, was the evidence offered competent, and ought it to have been received? Section 16 provides that the commissioners are " *to ascertain and determine the compensation which ought justly to be made by the company* to the owners or persons interested in the real estate appraised by them ; and in fixing the amount of said compensa-

tion, said commissioners shall not make any allowance or deduction on account of any real or supposed benefits which the parties interested may derive from the construction of the proposed railroad, or the construction of the proposed improvements connected with such road, by which such real estate may be taken." The question as to what construction ought to be put upon this statute has been frequently before the court, and while it can be hardly maintained that any of the cases upon the facts existing in the particular case were erroneously decided, there is apparently some conflict of decision in reference to the principles declared, by which the commissioners should be governed. In *Rood* v. *N. Y. & E. R. R. Co.* (18 Barb., 80), it was held that if a party conveyed his land to a railroad company for the roadway, he cannot afterwards recover for damages caused by fire by operating the road, where no negligence is proved, because of the presumption that the parties had that risk in view when the sale was made, and that part of the consideration paid was intended to cover that risk, and it has been held by the court that the rule is the same in a case where the title of the railroad company is acquired by an appraisal; that such appraisal and payment of the sum awarded would give as complete a title to the railroad company, and the right to use it be as extensive as it is when derived by a conveyance from the owner and the presumption be equally strong that all such risks had been included in the appraisement. (*C. & N. R. R. Co.* v. *Payne*, 16 Barb., 273; *Matter of Utica, etc., R. R. Co.*, 56 id. [opinion], 464, 465; *Matter of P. P. & C. I. R. Co.*, 20 N. Y. S. C. R. [opinion], 347.) The last case of appeal from such an appraisement, to which our attention has been called, is that of the *Matter of the Application of the P. P. & C. I. R. R. Co.*, to acquire lands of Moynahan. (20 N. Y. S. C. R., 345.) GILBERT, J., delivered the unanimous opinion of the court at General Term, in which the rule of damages is laid down in the following language: " The true inquiry is, what was the whole property, from which the railroad was severed, fairly worth in the market before the taking, and what was its value with the railroad upon the land taken?" This is substantially the opinion given by this court at General Term in the *Matter of the Utica Railroad Company* (56 Barb., 456),

and the court there say that everything that will depreciate the value of that residue is to be taken into account.   If, by taking the land acquired, access to that remaining is more difficult and dangerous ;  if the land remaining is located in a city and is valuable only to be built upon, and occupied as a dwelling or for business purposes, and is in such close proximity to the established tracks of the railroad that the jarring has affected the structures, and the smoke and noise rendered the remaining premises less valuable for use, from which it can be inferred that the same effect will be produced by the same cause in future, the market value of the remaining land would thereby be affected, and evidence showing these circumstances should have been received by the commissioners.

The owner's land can only be taken for a public use.   In this case it is proposed to be taken for two additional tracks for this railroad company.   To hold that the owners shall not be allowed to show fully the condition of the remaining premises after the additional tracks have been constructed, is really to deprive him of the ability to show what the actual market value of such premises are, after the taking with these additional tracks on the land taken.   The whole subject was carefully and ably discussed by Justice Foster in the *Matter of the U. R. R. Co.* (56 Barb., 456), and his reasons for this construction of the law are so cogent and convincing, that we do not deem it necessary to pursue the subject further.

Order affirming report of commissioners should be reversed, their report set aside and proceedings sent back to new commissioners.   Ten dollars costs of motion and disbursements for printing allowed to appellant Judge.   Form of the order to be settled by Justice Learned.

Present — Learned, P. J., Boardman and Tappan, JJ.

Ordered accordingly.