*Measure of damages in proceedings to condemn rights, in a street, of abutting owners who do not own the fee of the street.*

In a proceeding by a railroad company to condemn the rights of parties in a public street, where the fee of the street is not vested in such parties, the basis of appraisement must be the difference in value between the abutting premises owned by such parties, before the construction of the railroad, and their value thereafter.

APPEAL by Edgar J. Phillips and Frank M. Avery, property owners, from the appraisal and report of commissioners, more particularly described in an order or judgment entered in the office of the clerk of Kings county March 23, 1889, and also from the said order and judgment.

This proceeding was brought, under the statute, by the Brooklyn Elevated Railroad Company to condemn and take certain interest in real estate or a right of way on Lexington avenue in the city of Brooklyn.

The Brooklyn Elevated Railroad Company was a corporation duly organized and existing under and by virtue of chapter 585 of the Laws of 1874; chapter 422 of the Laws of 1875; chapter 350 of the Laws of 1879; chapter 338 of the Laws of 1881, and chap-

ter 539 of the Laws of 1885, and was thereby authorized and empowered to construct, maintain and operate an elevated railroad.

The commissioners of appraisal appointed in this proceeding awarded only nominal damages, allowing six cents upon each house as compensation to the property owners for the interest condemned in the street in front thereof.

*Phillips & Avery*, for the landowners, appellants.

*F. R. Minrath*, for the railroad, respondent.

BARNARD, P. J.:

Section 16 of the general railroad act, chapter 140 of 1850, as amended by chapter 382 of 1883, in respect to damages to be paid by companies for lands taken for railroad purposes, does not give a plain rule in respect to the basis upon which the assessment is to be made.

By this section it is provided that a commission shall "ascertain and determine the compensation which ought justly to be made by the company to the owners or persons interested in the real estate appraised by them; and in fixing the amount of such compensation, said commissioners shall not make any allowance or deduction on account of any real or supposed benefits which the parties interested may derive from the construction of the proposed railroad." The courts have construed the section to mean, that the inquiry is to embrace the market-value of the premises before the taking, and what it will be worth after the railroad is built, and this, in a sense, involves a probable benefit from the railroad. This inquiry necessarily takes in the advantages from the railroad, when the extent of the injury is to be based upon the diminution of value by reason of its construction.

The true rule seems to be, after the examination of any case, to appraise the value of the land taken, and, in addition, to give the difference which results from the diminution of value to the whole tract from which the railroad strip is taken. (*Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y., 423.)

In this case, no land of the appellant's was taken. The fee of the street is not in them so far as shown by the case. The basis of appraisement must then be the difference in value between the

abutting house before the construction of the railroad and afterwards. Under this rule of assessment, the testimony objected to was proper.

In determining the value of the property after the construction of the elevated road, its effect upon such value could not be excluded. The inquiry into the difference of value before and after the taking, could not be conducted without including the effect of the constructed road upon it. The rule followed does not conflict with the statutes. The land taken is to be paid for and also the damage to land not taken. On this question the effect of the railroad, in its evil and beneficial results, must be considered. The value of the land taken is not to be diminished, but the resulting damages to land not taken, must involve all things which enter into the subject of value.

The order should, therefore, be affirmed, with costs.

Dykman and Pratt, JJ., concurred.

Order affirmed, with costs and disbursements.