GEORGE A. POWERS, Appellant, v. THE BROOKLYN ELEVATED RAILROAD COMPANY and THE UNION ELEVATED RAILROAD COMPANY, Respondents.

1. ELEVATED RAILROAD ACTION — UNWARRANTED REVERSAL OF JUDGMENT. On appeal from an order of a General Term reversing, on both the law and the facts, a judgment in an action tried by the court, such as the usual elevated railroad action prosecuted by an abutting owner for an injunction or damages, the questions for the Court of Appeals to determine are whether the findings are against the weight of evidence, and whether legal error exists ; and if neither of these questions is determined in the affirmative, the reversal must be set aside and the judgment affirmed.

2. DAMAGE BY PROXIMITY OF RAILROAD STRUCTURE. Property in a neighborhood may be generally increased in value by the advent of an elevated railroad, while other property in the same locality, by reason of the close proximity of the structure, may be damaged.

3. PROXIMITY OF STABLE. General testimony that the proximity of a stable is more or less damaging to property is not enough to call for a finding that a particular stable contributed in any appreciable degree to the depreciation of particular property near an elevated railroad structure.

*Powers* v. *Brooklyn El. R. R. Co.*, 89 Hun, 288, reversed.

(Argued October 5, 1898 ; decided October 25, 1898.)

APPEAL from an order of the late General Term of the Supreme Court in the second judicial department, entered August 8, 1895, reversing a judgment of the Special Term in favor of plaintiff awarding an injunction or the payment of $5,000 as fee damage, and ordering a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles J. Patterson* for appellant. The propriety of the reversal upon the facts is open for review here ; and the

14

reversal will not be sustained unless it appears upon the testimony that the Special Term findings are against the weight of evidence. (*Matter of Rogers*, 153 N. Y. 316, 326 ; *Barnard* v. *Gantz*, 140 N. Y. 249 ; *Cook* v. *N. Y. E. R. R. Co.*, 144 N. Y. 115.) The Special Term findings were not inconsistent, but justified the decision in favor of plaintiff. (*Galway* v. *M. E. R. R. Co.*, 35 N. Y. S. R. 628, 633 ; *Wilson* v. *N. Y. E. R. R. Co.*, 9 Misc. Rep. 657 ; 150 N. Y. 576.) The trial court did not err in its refusals to find at defendants' request. (*Adler* v. *M. E. R. Co.*, 138 N. Y. 173 ; *Cook.* v. *N. Y. E. R. R. Co.*, 144 N. Y. 115 ; *S. A. R. R. Co.* v. *M. E. R. Co.*, 138 N. Y. 548 ; *Bischoff* v. *N. Y. E. R. R. Co.*, 138 N. Y. 257, 263 ; *Steubing* v. *N. Y. E. R. R. Co.*, 138 N. Y. 658, 661 ; *Stanley* v. *N. Y. E. R. R. Co.*, 44 N. Y. S. R. 389 ; *Wagner* v. *N. Y. E. R. R. Co.*, 79 Hun, 445 ; *Roberts* v. *N. Y. E. R. R. Co.*, 155 N. Y. 31 ; *Storck* v. *M. E. R. Co.*, 131 N. Y. 514 ; *Kopetzky* v. *M. E. R. Co.*, 70 N. Y. S. R. 457, 459.) The trial court did not err in rulings upon questions of evidence. (*Bohm* v. *M. E. R. Co.*, 129 N. Y. 576 ; *Sutro* v. *M. R. Co.*, 137 N. Y. 592 ; *Bischoff* v. *N. Y. E. R. R. Co.*, 138 N. Y. 257 ; *Jamieson* v. *Kings Co. E. R. R. Co.*, 147 N. Y. 322, 325 ; *Hunter* v. *M. R. Co.*, 141 N. Y. 281, 287 ; *Sherwood* v. *Blodgett*, 36 N. Y. S. R. 195 ; *Golden* v. *M. E. R. Co.*, 48 N. Y. S. R. 725 ; *Sperb* v. *M. E. R. Co.*, 137 N. Y. 155, 160 ; *Drucker* v. *M. R. Co.*, 106 N. Y. 157 ; *Purdy* v. *M. E. R. Co.*, 51 N. Y. S. R. 766.)

*Eugene Treadwell,* *Wm. H. Page, Jr., Alexander S. Lyman, Henry L. Scheuermann* and *Herbert R. Limburger* for respondents. The proof upon the trial so clearly preponderated in favor of a conclusion adverse to that reached by the trial court that it can be said with reasonable certainty that it erred in its conclusion. (*O'Reilly* v. *N. Y. E. R. R. Co.*, 148 N. Y. 347 ; *Storck* v. *M. E. R. Co.*, 131 N. Y. 514 ; *Becker* v. *M. E. R. Co.*, 131 N. Y. 509 ; *Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455 ; *Doyle* v. *M. R. Co.*, 128 N. Y. 488 ; *Beck* v. *Brooklyn E. R. R. Co.*, 87 Hun, 30.) The

findings of fact made by the trial court are inconsistent with
the award of any damage to plaintiff.   (*Bonnell* v. *Griswold*,
89 N. Y. 122; *Schwinger* v. *Raymond*, 83 N. Y. 192; *Con-
selyea* v. *Blanchard*, 103 N. Y. 222; *Green* v. *Roworth*, 113
N. Y. 462; *Redfield* v. *Redfield*, 110 N. Y. 671; *Kelly* v.
*Leggett*, 122 N. Y. 633; *Bookman* v. *N. Y. E. R. R. Co.*,
147 N. Y. 298; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 576, 591;
*Sperb* v. *M. E. R. Co.*, 137 N. Y. 596.)   Defendants' excep-
tions to certain findings made by the trial court justified
reversal by the General Term.   (*Conselyea* v. *Blanchard*, 103
N. Y. 222, 231; *Studer* v. *Bleistein*, 15 N. Y. S. R. 908; 48
Hun, 577; *Bank of Portchester* v. *Halsted*, 11 N. Y. S. R.
572; *Sperb* v. *M. E. R. Co.*, 137 N. Y. 596.)   Defendants'
exceptions to refusals by the trial court to find certain propo-
sitions of fact and law submitted by defendants justified
reversal by the General Term.   (*Becker* v. *M. E. R. Co.*, 131
N. Y. 509, 511; *Sutro* v. *M. R. Co.*, 137 N. Y. 592; *Book-
man* v. *N. Y. E. R. R. Co.*, 147 N. Y. 298, 304; *Drucker*
v. *M. R. Co.*, 106 N. Y. 157, 163; *Doyle* v. *M. R. Co.*, 128
N. Y. 497, 498; *Taylor* v. *City of Yonkers*, 105 N. Y. 209;
*Grant* v. *P. & N. Y. C. & R. R. Co.*, 133 N. Y. 657;
*McCarty* v. *City of Lockport*, 13 App. Div. 494; *Hanrahan*
v. *Brooklyn E. R. R. Co.*, 17 App. Div. 588.)   Defendants'
exceptions to rulings on questions of evidence by the trial
court justified reversal by the General Term.   (*McGean* v.
*M. R. Co.*, 117 N. Y. 219, 223; *Roberts* v. *N. Y. E. R. R.
Co.*, 128 N. Y. 455; *Doyle* v. *M. R. Co.*, 128. N. Y. 488;
*Gray* v. *M. R. Co.*, 128 N. Y. 499; *Hunter* v. *M. R. Co.*,
141 N. Y. 281; *Kernochan* v. *N. Y. E. R. R. Co.*, 128 N.
Y. 570.)

BARTLETT, J.   This is the usual equitable action in elevated
railroad cases, brought by an abutting property owner for a
permanent injunction, unless his damages are paid.

The learned trial judge found that the plaintiff's property,
located in Brooklyn at the corner of Flatbush avenue and
Fifth avenue, and extending back on Pacific and Dean streets,

was of the value of $70,000; that the railroad of defendants is operated in front of so much of the property as is located on Flatbush avenue and Fifth avenue, and turns from Flatbush avenue into Fifth avenue, so that a portion of the structure is within the line of the curb at the point where the railroad is nearest to the plaintiff's property and is of itself necessarily detrimental thereto; that the damages occasioned to the property by the railroad and structure exceed the benefits derived therefrom by the sum of five thousand dollars; that the property is substantially vacant.

The General Term, by a divided court, reversed the judgment and ordered a new trial.

The questions for us to determine are whether the findings are against the weight of evidence, and whether legal error exists, as the reversal was on both the law and the facts.

The case discloses a sharp conflict between the expert witnesses and it was peculiarly within the province of the trial judge, who had the witnesses before him, to determine the questions of fact.

The defendants' manager and chief engineer testified that to make the curve easier they ran close to the property in turning the corner.

It needs no argument to show that the railroad structure, within a few feet of the property and with its columns in the sidewalk is a permanent damage and will impair the value, to some extent, of any building that may be erected thereon.

It not infrequently happens that property in a neighborhood may be generally increased in value by the advent of an elevated railroad, while other property, in the same locality, by reason of the close proximity of the structure, may be damaged.

We have carefully examined the record and are of opinion that the findings are not against the weight of evidence.

It remains to consider whether there is legal error that justified the reversal of the General Term.

It is confidently urged by the defendants that they were entitled to a finding that the presence of the stable adjoining the rear of these premises on Pacific street had contributed to

the depreciation of this property.  We think the case is barren of evidence that would justify such a finding.

The nature of this stable and the facts connected with its use, calculated to establish its character as a nuisance, do not appear.  A number of witnesses testified generally on behalf of the defendants, that the proximity of a stable to property was more or less damaging, but the proof should have gone further in order to have warranted the finding that this stable contributed in any appreciable degree to the depreciation of this property.

The defendants insisted that more than one cause had contributed to the depreciation of this property, and that the fact it was left unimproved tended to that result.

We think the evidence warranted the conclusion of the trial judge, that only one cause contributed to the depreciation of this property, and, consequently, the court was not called upon to find upon this subject as requested.

Without discussing further in detail the defendants' exceptions, we are of opinion that no error is disclosed either in the refusals to find at defendants' request or in the rulings upon questions of evidence that called for a reversal of the judgment by the General Term.

The order of the General Term should be reversed and the judgment of the Special Term affirmed, with costs.

All concur.

Order reversed, and judgment accordingly.