Frederick Shano, Appellant, *v.* Fifth Avenue and High Street Bridge Company.

*Eminent domain—Damages—Noise and dust.*

Where property is injured by the construction of public works, the measure of damages is the difference in the market value of the property before and after the construction. The creation of noise and dust, the invasion of privacy, the deprivation of light and means of access, the burden of additional fencing and like matters are to be taken into consideration as affecting the market value. They are not separately to be estimated item by item and a result reached by adding together the different estimates; nor is the effect upon the particular owner because of anything peculiar to himself or his business to be taken into consideration. The owner's loss is measured by the difference in the market value of his property. This includes all the elements of depreciation and represents the whole loss; but the separate items are to be considered, not as distinct items of loss, but as they affect the market value.

Noise, dust, invasion of privacy, obstruction of light and interference with means of access are matters affecting the value of property, and it is error for the court to charge that these matters are only circumstances to be considered by the jury in determining the credibility of witnesses who had testified to the market value before and after the construction of the public works.

Argued Nov. 11, 1898. Appeal, No. 217, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1895, No. 763, on verdict for defendant. Before GREEN, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass to recover damages for injuries to real estate caused by the construction of a bridge. Before COLLIER, J.

Defendant's points and the answers thereto among others were as follows:

1. That any evidence in the case in regard to noise, dust, invasion of privacy or anything of this sort is not the basis for recovery by the plaintiff. It is only evidence to be considered by the jury in weighing the testimony of witnesses as to value of the property as unaffected by the bridge in question compared with the value of the property in question affected by the construction and operation of the bridge. *Answer:* Affirmed and bill sealed for plaintiff. [1]

5. The jury has no right to consider what its view of the damages would be by reason of noise, dirt or invasion of privacy. Those circumstances are only circumstances to be considered in determining the credibility of the testimony of witnesses who testified to the market value before and after the property was affected by the bridge.  *Answer :* Affirmed and bill sealed for plaintiff. [2]

Verdict and judgment for plaintiff for $2,723.    Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Johns McCleave,* with him  *W. B. Rodgers* and *D. T. Watson,* for appellant, cited Pittsburg Junction R. R. v. McCutcheon, 18 W. N. C. 527 ; Comstock v. Clearfield & Mahoning Ry. Co., 169 Pa. 589 ; R. R. v. Ziemer, 124 Pa. 565.

*E. P. Douglass,* with him  *J. S.* and *E. G. Ferguson* and *H. H. Swaney,* for appellee, cited Hoffer v. Penna. Canal Co., 87 Pa. 224.

OPINION BY MR. JUSTICE FELL, January 2, 1899 :

Where property is injured by the construction of public works, the measure of damages is the difference in the market value of the property before and after the construction.    The creation of noise and dust, the invasion of privacy, the deprivation of light and means of access, the burden of additional fencing and like matters are to be taken into consideration as affecting the market value.    They are not separately to be estimated item by item and a result to be reached by adding together the different estimates ; nor is the effect upon the particular owner because of anything peculiar to himself or his business to be taken into consideration.    The owner's loss is measured by the difference in the market value of his property ; this includes all the elements of depreciation and represents the whole loss.    But the separate items are to be considered, not as distinct items of loss but as they affect the market value.    This is the rule established by a long line of cases, among the more recent of which are Dawson v. Pittsburgh, 159 Pa. 317 ; Reyenthaler v. Phila., 160 Pa. 195 ; Comstock v. Ry. Co., 169 Pa. 582 ; Struthers v. R. R. Co., 174 Pa. 291.

In the first point the court was asked to instruct the jury: "That any evidence in the case in regard to noise, dust, invasion of privacy or anything of this sort is not the basis for recovery by the plaintiff. It is only evidence to be considered by the jury in weighing the testimony of witnesses as to the value of the property as unaffected by the bridge in question compared with the value of the property in question affected by the construction and operation of the bridge." And in the fifth that: "The jury has no right to consider what its view of the damages would be by reason of noise, dirt or invasion of privacy. Those circumstances are only circumstances to be considered in determining the credibility of the testimony of witnesses who testified to the market value before and after the property was affected by the bridge."

Evidence in regard to noise, dust and invasion of privacy went directly to show the manner in which the construction of the bridge had affected the plaintiff's property. If it showed loss to him it established a basis for recovery. If it showed the extent of the loss due to depreciation in market value it showed the legal measure of damages to which he was entitled. It was the right of the jury to consider this evidence, both to determine whether there was a loss and to what extent these matters affected the market value. It was not to be considered only in weighing the testimony of witnesses who had been examined or in determining their credibility. The question of credibility was not raised or involved. The noise, dust, invasion of privacy, obstruction of light and interference with means of access were the matters shown as affecting the value of the property. The jurors had examined the property, and from what they saw and knew, as well as from the testimony of witnesses, they were to form their own judgment; the expert testimony was an aid only in enabling them to reach a conclusion.

The rule for the measure of damages was clearly and correctly stated in the general charge, but the jury may well have understood from the answers to these points that in fixing the damages they were to exclude from their consideration the injury due to noise, dirt and invasion of privacy.

The first and second assignments of error are sustained, and the judgment is reversed with a venire facias de novo.