The South Buffalo Railway Company, Appellant, v. Henry D. Kirkover et al., Respondents.

Railroads — Eminent Domain — Measure of Damages Where a Portion of a Tract of Land Is Taken. Where land is acquired by a railroad company without the consent of the owner, he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue, including those which will be sustained by reason of the use to which the portion taken is to be put by the company.

*South Buffalo Ry. Co. v. Kirkover*, 86 App. Div. 55, affirmed.

(Argued October 5, 1903; decided October 30, 1903.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 23, 1903, which affirmed an order of Special Term confirming the report of commissioners in condemnation proceedings.

This is a proceeding brought by the railroad company under the Condemnation Law to acquire for its corporate purposes nearly eight acres of land owned by the defendants. Commissioners were duly appointed, who awarded the sum of $10,500 for the land actually taken and the sum of $41,500 as compensation for the damages " to the remainder of the parcel of land owned by said defendants, out of which the lands and premises described in said petition and order are taken, * * * caused by the taking of the land described in this proceeding, and the use thereof for railroad purposes in the manner and to the extent shown by the evidence and the proceeding aforesaid. * * * "

The Special Term confirmed this report and the Appellate Division affirmed the order of the Special Term to that effect, with a divided court. From the order entered on this determination the present appeal is taken.

The land sought to be acquired in this proceeding is a part of about sixty-nine acres of vacant land situated in the southerly portion of the city of Buffalo.

*John G. Milburn* and *Frank Rumsey* for appellant. The commissioners adopted an erroneous rule or principle in awarding compensation for alleged damages to the portion of the tract not taken resulting from the operation of the railroad upon the part taken, and the obstruction to the view due to the embankment on which the railroad is built. (L. 1850, ch. 140, § 16 ; Code Civ. Pro. § 3370 ; *A. B. N. Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 272; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 585; *A. N. R. R. Co.* v. *Lansing*, 16 Barb. 68; *Matter of U., etc., R. R. Co.*, 56 Barb. 464; *Matter of N. Y. E. R. R. Co.*, 36 Hun, 427; *Henderson* v. *N. Y. C. R. R. Co.*, 78 N. Y. 423; *Newman* v. *M. E. R. Co.*, 118 N. Y.

1903.]     South Buffalo Ry. Co. *v.* Kirkover.     303

N. Y. Rep ]     Opinion of the Court, per Bartlett. J.

618 ; *Radcliff* v. *Mayor, etc.,* 4 N. Y. 195 ; *Bellinger* v. *R. R. Co.,* 23 N. Y. 48 ; *Uline* v. *R. R. Co.,* 101 N. Y. 98 ; *Moyer* v. *R. R. Co.,* 88 N. Y. 351.)

*Wilson S. Bissell* and *James McC. Mitchell* for respondents.    The award of the commissioners was proper and should be confirmed. (*Matter of P. P. & C. I. R. R. Co.,* 85 N. Y. 489 ; *Perkins* v. *State of New York,* 113 N. Y. 660 ; *Matter of Thompson,* 121 N. Y. 277 ; 127 N. Y. 463 ; *Syracuse* v. *Stacey,* 45 App. Div. 249 ; *M. Ry. Co.* v. *O'Sullivan,* 6 App. Div. 571 ; *Matter of Daly* v. *Smith,* 18 App. Div. 194 ; *Vil. of Port Henry* v. *Kidder,* 39 App. Div. 640 ; *Matter of Mayor, etc.,* 40 App. Div. 281 ; *H. R., etc., R. R. Co.* v. *Reynolds,* 50 App. Div. 575 ; *Matter of Grade Crossing Comrs.,* 52 App. Div. 27 ; *Matter of Grade Crossing Comrs.,* 52 App. Div. 122 ; *Matter of M. Ry. Co.* v. *Comstock,* 74 App. Div. 341.)

Bartlett, J.  The single question of law presented by this appeal is as to the rule which should govern the commissioners in awarding compensation for damages to the part of the tract of land not taken.

The counsel for the appellant railroad company insists that the proper rule as to damages, in addition to those allowed for the land actually taken, may be thus stated : "Compensation is only allowed for such damages to the residue as are caused by the severance from it of the part taken, and (according to some of the cases) in estimating such damages the grade or elevation of the railroad may be taken into account as an element of the severance."

The learned Appellate Division in its opinion states the rule to be, that the owner is entitled to recover the market value of the premises actually taken by such railroad company, and also any damages which resulted to the portion of his premises not taken, not only by reason of the taking of the property acquired by the railroad company, but also by reason of the use to which the property was put by the company.

It has been frequently pointed out in judicial opinions that there has been great conflict of authority in this state as to which of the rules above stated was best calculated to do justice between the parties.

The early cases in the Supreme Court laid down the rule insisted upon by appellant's counsel. (*Troy & Boston R. R. Co.* v. *Lee*, 13 Barb. 169; *Albany Northern R. R. Co.* v. *Lansing*, 16 Barb. 69; *Canandaigua & N. F. R. R. Co.* v. *Payne*, 16 Barb. 273; *Matter of Union Village* v. *Johnsonville R. R. Co.*, 53 Barb. 457; *Black River & M. R. R. Co.* v. *Barnard*, 9 Hun, 104; *Albany & Susquehanna R. Co.* v. *Dayton*, 10 Abb. Prac. Repts. [N. S.] 183.)

In *Matter of Utica, C. & S. Valley R. R. Co.* (56 Barb. 456) the General Term held that when land is taken for the construction of a railroad without the consent of an owner, compensation to be paid therefor is not limited to the actual value of the land taken and the depreciation of the residue of the lot from which it is taken by such separation; but the owner is entitled to recover also for any depreciation caused by the use to which it is appropriated. This case was followed in *Matter of N. Y. C. & H. R. R. R. Co.* (15 Hun, 63) and *Matter of N. Y., Lackawanna & Western Ry. Co.* (29 Hun, 1).

The tendency of judicial decisions in the Supreme Court has been in favor of the more liberal rule adopted by the court below in the case at bar.

Our attention has not been called to any case in this court where the question was presented under the precise state of facts disclosed by this record.

In *Henderson* v. *N. Y. C. R. R. Co.* (78 N. Y. 423) it was held that in a proceeding by a railroad corporation to acquire a right to lay its tracks in a street or highway, the fee of which is in the owner of the adjoining land, the proper compensation is: *First.* The full value of the land taken. *Second.* The fair and adequate compensation for the injury the owner has sustained and will sustain by the making of the railroad over his land; and for this purpose it is proper to

ascertain and determine the effect the conversion of the street into a railroad track will have upon the residue of the owner's land.

In *Newman* v. *Metropolitan Elevated Ry. Co.* (118 N. Y. 618), Judge Brown (p. 623) uses this language : " The principle upon which compensation is to be made to the owner of land taken by proceedings under the General Railroad Law has been frequently considered by the courts of this state, and the rule is now established, *first*, that such owner is to receive the full value of the land taken, and, *second*, where a part only of land is taken, a fair and adequate compensation for the injury to the residue sustained, or to be sustained, by the construction and operation of a railroad."

The case in which the learned judge wrote was one of that large class of elevated railway cases, in the city of New York, involving injury to the easements of light, air and access, no land being taken.

In *Bohm* v. *Metropolitan Elevated Ry. Co.* (129 N. Y. 576), Judge Peckham uses this language : " Then as to the land remaining, the question has been to some extent mooted whether the company should pay for the injury caused to such land by the mere taking of the property, or whether in case the proposed use of the property taken should depreciate the value of that which was not taken, such proposed use could be regarded and the depreciation arising therefrom be awarded as a part of the consequential damages suffered from the taking. I think the latter is the true rule." The learned judge cites *Henderson* v. *N. Y. C. R. R. Co.* (78 N. Y. 423, 433); *Newman* v. *Metr. El. Ry. Co.* (118 N. Y. 618); *Matter of Brooklyn Elevated R. R. Co.* (55 Hun, 165, 167), adding : " The question might be of great importance where there was an injury to the remaining land, but if there has been no injury, the inquiry as to the scope of the liability for damages is not material." This was also an elevated railroad case, involving only the injury to easements and no land was taken.

It may be true, as stated by appellant's counsel, that the

precise question now presented has never been passed upon by this court. It is, however, equally true that the decisions in the Supreme Court and in this court tend strongly to the recognition of the more liberal rule.

Considering the principle involved, unembarrassed by legal decisions, it is reasonable that where the state, in the exercise of the right of eminent domain, sees fit to take the property of the citizen without his consent, paying therefor such damages as are the result of the taking, the commissioners in the condemnation proceedings should not only be permitted but required to award the owner a sum that will fully indemnify him as to those proximate and consequential damages flowing from this act of sovereign power.

The exercise of the right of eminent domain is allowed upon the theory that while the taking of property may greatly inconvenience the individual owners affected, it is in the interest and to promote the welfare of the general public. This being so, there is no reason why the citizen, whose land is taken *in invitum*, should suffer any financial loss that may be prevented by awarding him proximate and consequential damages. It may well be that in every case there are remote damages that the citizen, under the circumstances, must suffer. It not infrequently happens that some extensive public improvement, as the construction of a great reservoir in the vicinity of a large city like New York, drives families from old homesteads occupied for generations, and submerges the entire property. It is apparent that in such cases no reasonable and lawful rule of damages can fully compensate the landowners thus dispossessed.

In the case at bar we have the ordinary and usual situation, where the commissioners have reported in favor of paying the owner the value of the land taken, and the damage to the balance by reason of the severance, and the use to which the property taken is to be put by the railroad company.

It is insisted on behalf of the appellant that the commissioners erroneously took into account as factors causing damage the use to which the property was to be put; that is, the

operation thereon of a railroad, with its smoke, noise, dust and cinders, and the embankment obstructions to the view. It is also argued that the elevated railroad cases in the city of New York are in a special category and not applicable to the case at bar.

In most of the elevated railroad cases the city owned the fee of the street, the railroad being erected therein by legislative grant, and the original question presented to this court was, whether the injury suffered by the abutting owner to his easements of light, air and access created a cause of action against the railroad company.

It was held in the *Story Case* (90 N. Y. 122) that these easements became at once appurtenant to the land, forming an integral part of the estate and constituted property within the meaning of the State Constitution (Art. 1, § 6), which prohibits the taking of private property without just compensation. It therefore followed that in the trial of the elevated railroad cases any evidence was competent tending to show injury to these easements of light, air and access, as they were property. A similar rule of evidence is applicable to the case before us.

The difference between the elevated railroad cases and this case is not material. In this case, as in the elevated railroad cases, one of the questions is as to the damages inflicted upon land not taken, and the inquiry is, to what extent does the use of the railroad on the adjacent property taken, damage the property, the fee of which remains in the defendants? This property is the land and its appurtances. Any evidence tending to legally establish the amount of this damage is competent.

It is to be assumed that the commissioners appointed from time to time in condemnation proceedings are intelligent and competent men, anxious to do exact justice between the parties. It may be further assumed that they will judiciously discriminate between farm lands in the country and property located within the limits of a city, upon which dwellings and other structures may be ultimately erected. In the one case,

under existing conditions, damages might be slight, while in the other very substantial.

In this case it is pointed out in the opinion of the learned Appellate Division that the average amount of damages to the property not taken was $94,435.00, as fixed by nine witnesses called by the defendants, but the commissioners found the damages to be $41,500.00 .

Attention is also called to the fact in the opinion that the average amount of damages fixed by plaintiff's witnesses was much less than the award. It appears by the report of the commissioners that on a number of days, by consent of counsel, they personally inspected the premises involved in this proceeding.

We are of opinion that the rule of damages adopted by the commissioners was the proper one, and that the record discloses no legal error.

The order and judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, MARTIN, VANN, CULLEN and WERNER, JJ., concur.

Order affirmed, with costs.