testimony given as to how much the plaintiff earned at his trade. I will leave that matter to the jury. You may allow him such sum as you see fit, from the testimony that you have heard, to compensate him for the 22 days away from his work, and a balance of $20 for doctor's fees, and as much as you see fit for his suffering."

This was also excepted to, the defendant insisting that only a nominal allowance could be made for loss of earnings. The verdict of the jury was for $249, the maximum amount stated by the court, including an allowance of $4 per day for the loss of wages. There could be no recovery, however, for this item beyond a nominal sum, in the absence of proof of the amount of the loss. Leeds v. Metropolitan Gas Light Co., 90 N. Y. 26; Staal v. The Grand Street & Newtown R. R. Co., 107 N. Y. 625, 13 N. E. 624; Baker v. M. R. R. Co., 118 N. Y. 537, 23 N. E. 885; Metz v. Metropolitan St. R. R. Co., 82 App. Div. 168, 81 N. Y. Supp. 725.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.

---

### In re BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. EMINENT DOMAIN—ELEVATED RAILROADS—DAMAGES TO ABUTTING PROPERTY.

Where, on proceedings by an elevated railroad to acquire a right of way on a street, it appeared that the fee and rental value of an abutting owner's property had been substantially diminished since the building of the elevated structure, and there was no claim of benefits arising from the propinquity of the railroad, an award of 6 cents as compensation was palpably erroneous.

Woodward and Jenks, JJ., dissenting.

Appeal from Special Term, Kings County.

Proceedings by the Brooklyn Union Elevated Railroad Company for acquiring title to real estate or a right of way on certain streets. From a final order of confirmation of the report of commissioners appointed to ascertain and appraise the compensation to be made property owners, A. M. Stein and others appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Cyrus V. Washburn (George W. Sickels, on the brief), for appellants.

Charles L. Woody, for respondent.

HIRSCHBERG, P. J. The appellants' property is No. 158 Myrtle avenue, in the borough of Brooklyn, the lot being 22 feet by 100, with a three-story frame building and extension, used chiefly for store and wareroom purposes. The easements and interests in the property sought to be condemned in this proceeding have been possessed and occupied by the owners of the elevated railroad a number of years. The evidence presented by the appellants tends clearly to es-

.tablish that the fee and rental value of the property have been substantially diminished since the building of the elevated structure, and the expert witnesses called on behalf of the respondent concede a diminution during that period of the fee value. There is no claim of benefits arising from the propinquity of the railroad, and the weight of evidence supports the claim of the appellants that the loss is due in a large degree, if not solely, to the construction and operation of the road. We think, in these circumstances, that the award made by the commissioners of the sum of six cents as the entire compensation to be paid for the property taken was palpably wrong, making every proper allowance for the advantage possessed by them in a view of the premises, and the information which may have been derived from such inspection.

It is unnecessary to refer to the evidence in detail. The award is necessarily based on the theory that there has been no actual or appreciable damage. As was said by the Court of Appeals, however, in Powers v. Brooklyn El. R. R. Co., 157 N. Y. 105, 108, 51 N. E. 516, of even a vacant lot: "It needs no argument to show that the railroad structure, within a few feet of the property, and with its columns in the sidewalk, is a permanent damage, and will impair the value, to some extent, of any building that may be erected thereon." The remark applies with greater force to property which has been utilized for commercial purposes. There may be, of course, peculiar circumstances and surroundings which will render merely nominal the injury incident to the construction of an elevated road, but the record in this case does not disclose the existence of conditions of such a character. The basis of appraisement in the absence of such exceptional conditions is generally the difference in value of the abutting premises, actual and prospective, before and after the construction of the road, in so far as the same is due to such construction and to the operation of the road. Matter of Brooklyn Elevated R. R. Co., 55 Hun, 165, 8 N. Y. Supp. 78; Pappenheim v. M. E. R. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486; Becker v. M. E. R. Co., 131 N. Y. 509, 30 N. E. 499. While the courts are naturally reluctant in interfering with the exercise of judgment on the part of commissioners in this class of cases, yet, as was said in South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301, 306, 68 N. E. 366, 368, "it is reasonable that where the state, in the exercise of the right of eminent domain, sees fit to take the property of the citizen without his consent, paying therefor such damages as are the result of the taking, the commissioners in the condemnation proceedings should not only be permitted, but required, to award the owner a sum that will fully indemnify him as to those proximate and consequential damages flowing from this act of sovereign power."

The final order should be reversed, and a new appraisal directed. All concur, except WOODWARD and JENKS, JJ., who dissent.