(99 App. Div. 625)

In re BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. APPEAL—CERTIFIED QUESTIONS.
    Where the decision of the Appellate Division in condemnation proceedings involved only the question as to the sufficiency of damages awarded property owners because of the construction of an elevated railroad, there are no questions of law involved entitling plaintiff to a certificate of questions of law to the court of appeals, pursuant to Code Civ. Proc. § 190, subd. 2.

In condemnation proceedings by the Brooklyn Union Elevated Railroad Company relative to acquiring title to real estate on right of way on Crescent street, Myrtle avenue, and other streets in the borough of Brooklyn and Kings county in the city of New York. A. Am Stein and another appeal. Reversed, and plaintiff moved for leave to appeal to the Court of Appeals on certified questions of law. Motion denied.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Charles L. Woody, for the motion.
Cyrus V. Washburn, opposed.

PER CURIAM. This is a condemnation proceeding, in which the Appellate Division reversed a final order confirming the report of the commissioners, and directed a new appraisal. The reversal was based solely on the ground that the amount of the award was insufficient. Matter of Brooklyn Union Elevated R. R. Co., 95 App. Div. 108, 88 N. Y. Supp. 426. The determination of this court rested wholly upon the proposition that the commissioners had erred upon a question of fact, to wit, the amount of damage suffered by the property owners. We did not pass upon any controverted question of law whatever. Under these circumstances there appears to be no element in the case which would give the Court of Appeals jurisdiction to review our order of reversal. The plaintiff has proposed six questions which it desires certified, under the second subdivision of section 190 of the Code of Civil Procedure; but, no matter what answer might be given to any of these questions, it would not follow that this court was wrong in holding that the amount of damages awarded by the commissioners was inadequate as matter of fact. Hence an appeal to the Court of Appeals could avail nothing to the plaintiff.

The mere fact that the presiding justice, in his opinion in this matter, stated what a majority of the court understood to be the basis of appraisement in this class of cases, in the absence of exceptional conditions, does not warrant the conclusion that our reversal was upon the law, instead of upon the facts. His discussion of the measure of damages was merely incidental to the determination that the amount of the award was insufficient, and there is nothing in the opinion giving countenance to the impression which seems to have been conveyed to counsel for the plaintiff that this court deemed any injury caused by noise or vibration in the operation of an elevated railroad recoverable as part of the fee damage. If our decision in this case rested on any proposition of law as to which there was doubt or conflict in the decisions, we should certainly give the unsuccessful party an opportunity to review the correctness of our ruling in the Court of Appeals; but, inasmuch as we reversed solely on the facts, we cannot see that there is anything in the case reviewable by the court of last resort.

The motion is therefore denied.