## STATE ex MERRELL v PITTMAN

Ohio Appeals, 5th Dist, Delaware Co

Decided Dec 5, 1932

Gilbert Bettman, Attorney General, Columbus, and J. A. Godown, Columbus, for plaintiff in error.

Humes & Cupp, Delaware, for defendant in error.

694

GARVER, PJ.

When this new road is established, the owner of the land must build a fence along the west side thereof, and he, and his successors in title, must maintain it as long as the highway exists. This is an additional burden upon the land, running with the land, and the jury were properly instructed to consider maintaining this fence as an element of damages. Van Bentham v Board of Commissioners of Osage County, 49 Kan. 30, 30 P. 111; Department Public Works and Bldgs. v Griffin, 305 Ill. 585, 137 NE 523.

The court charged the jury as follows: "Now, the second question that you are to determine is the damage due Mr. E. W. Pittman for the property affected by the improvement, that is if the construction of this highway causes any damage or injury to the adjoining lands of Pittman, you should allow him an amount of money sufficient to cover such injury. Now, that question is really possibly explained better by referring to the questions that were put by counsel in this case when they asked the witnesses the value of this farm before the improvement and the value after. So, this verdict which I submit to you provides as follows: 'And as damages to residue of tract, $——.' Now, therein you will write the amount of damages, if any, you deter-

mine is due the owner of this property."

Thus far there is no error, although the court might have amplified its instructions by setting forth the several things they might consider in assessing the damages, including the cost of building the fence and maintaining it. But, instead of that, he adds: "Now, for reasons that I think are sufficient, I have separated the cost of building the fence and its maintenance from the general damages although as a matter of fact the general damages, if any, include the cost of the fence, but then I have added to this verdict. And to E. W. Pittman for building fence on the west side of the land appropriated, the sum of $——. Determine the cost of that fence and then I have added this: 'And to E. W. Pittman for maintenance of the fence the sum of $——.' In the opinion of this court he is entitled in addition to the cost of the fence a reasonable sum for the maintenance of the fence. So when you determine the damage due him on account of the construction of the road, if any, you will not include in that damage the cost of the fence or the maintenance of the fence."

Sec 1201, GC, provides: "The director shall in such finding also fix what he may deem to be the value of such property to be appropriated, together with damages to the residue, if any."

Sec 1201-1, GC, provides that "the court shall charge the jury and the jury shall find and return a verdict separately upon each claim for compensation and damages appealed from."

Sec 1201-1a, GC, provides that in case a building or other structure is on land appropriated, the jury shall assess the value of the land exclusive of the structure and make a separate finding of the value of the structure.

Had the General Assembly intended that the jury should make a separate finding upon each element of damages, they would have said so.

The dwelling house of the defendant fronts the old highway, while its rear faces the new highway. Defendant claims there is additional inconvenience and danger in going from one part of his land to the land across the new road. It would have been just as reasonable to have instructed the jury to find on each of the foregoing elements of damage separately, as to find upon the elements of constructing the fence

and maintaining the fence separately, and the matter of inconvenience might have been as reasonably subdivided, and the jury instructed to find the damages, if any, upon the additional labor and inconvenience in transporting grain and hay from one part of the farm to another part thereof, and the additional labor and inconvenience in transferring live stock from one part of the farm to another part thereof.

The elements which the jury ought to consider in assessing the damages are not separately estimated, item by item. Shano v Fifth Avenue & High St. Bridge Co., 189 Pa. 245, 42 A. 128, 69 Am. St. Rep. 308.

The jury fixed the value of the land taken at $537, and the damage to the residue at $7,143. Mr. Pittman still owns 121.57 acres of land east of the railroad, 45.33 acres between the new road and the old road, and 104.5 acres west of the old road, making a total of 271.4 acres. This land will produce as good crops and will produce as much pasture as it did before the location of the new road. The amount of damage assessed by the jury for building the fence, and maintaining it, and for the other elements of damage shown in the record, is grossly excessive, and in our opinion so much in excess of what we consider the correct amount of damage, that we have decided not to suggest a remittitur, but to reverse this case.

Therefore the judgment will be reversed, and the cause remanded to the Court of Common Pleas for a new trial.

SHERICK and LEMERT, JJ, concur.