ST. ALBANS LAND CORPORATION, Respondent, *v.* THE STATE OF NEW YORK, Appellant.
LONG ISLAND RAILROAD COMPANY, Appellant.
(Claim No. 24113.)

Third Department, June 22, 1938.

*John J. Bennett, Jr., Attorney-General* [*James H. Glavin, Jr., Assistant Attorney-General*, of counsel]; *Leon M. Layden, Assistant Attorney-General*, with him on the brief], for the State of New York, appellant.

*Louis J. Carruthers* [*Paul Tison* of counsel], for the Long Island Railroad Company, appellant.

*Connolly & Frey* [*Edward J. Connolly* and *Arthur L. Burchell* of counsel], for the respondent.

HILL, P. J. The claimant owned St. Albans Golf Club, consisting of 126 plus acres of land located in New York city (Queens county). The State and the Long Island railroad in eliminating a railroad crossing at street grade appropriated a strip of land about 30 feet in width and 1,100 feet long containing 31,916 square feet. This land was along the westerly line of the railroad company's right of way and was required to permit the building of an earth embankment eighteen feet high upon which the railroad tracks are now laid. The Court of Claims has fixed the damages at $30,173.29.

The golf course was surrounded by residences and business places except on the side along which the railway ran. The entire tract was available for residences and business structures. In the development of the area about the golf course streets have been located according to the final map of the city of New York (Greater New York Charter, §§ 439, 442, 1540), and when the claimant's tract is developed it will be necessary to continue the streets as shown on the map. The land appropriated is between the railway and the easterly line of One Hundred and Eightieth street. That street as placed on the map is 100 feet westerly from the railroad tracks. The value of the land taken should be fixed having in mind the use to which it may be put and is adapted. The heavy tax overhead soon will make this entire tract unavailable for a golf course. The surroundings make reasonable the assertion that it is available for residential and business structures. For this purpose the value of the land east of One Hundred and Eightieth street is neither increased nor reduced because its owner holds the title to lands westerly therefrom and it is reasonable to assume that One Hundred and Eightieth street cannot be moved westerly from the position fixed on the city map. (*Matter of Adams*, 141 N. Y. 297; *Matter of City of New York* [*Harrison Ave.*], 267 id. 64.) Such a change would disarrange all the streets appearing on the map. All the streets now ending at the boundaries of the golf course should be extended as shown on the map along straight lines across claim-

ant's acreage. Any other arrangement would affect adversely not only claimant's lots but also the value of the adjacent properties, already improved, as a purchaser would choose to locate on a straight rather than a crooked street. The claimant is entitled to damages compensating it for having 1,100 feet frontage of land on One Hundred and Eightieth street of a shortened depth of about 70 feet rather than of a desired depth of 100 feet. The foregoing facts distinguish this case from *Matter of City of New York* (*Fourth Ave.*) (255 N. Y. 25).

The rule adopted by the Court of Claims is sustained. (*Matter of N. Y. C. & H. R. R. R. Co.*, 6 Hun, 149; *Matter of County of Nassau* [*McNeil Ave.*], 238 App. Div. 863; 246 id. 757.) The allowance of damage sustained by reason of building the embankment on the land taken was proper. (*Henderson* v. *New York Central R. R. Co.*, 78 N. Y. 423; *South Buffalo R. Co.* v. *Kirkover*, 176 id. 301; *Flynn* v. *N. Y., W. & B. R. Co.*, 218 id. 140.)

The award should be affirmed.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.