├ In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Northern Boulevard (Jackson Avenue) from Astoria Boulevard (Astoria Avenue-Ditmars Boulevard) to the United States Bulkhead Line of the Flushing River, Subject to the Rights, if Any, of the New York and Queens County Railway Company in the Borough of Queens, City of New York. THE CITY OF NEW YORK, Appellant; R. K. & M. REALTY CORPORATION; NETTIE EDELSTEIN; WILLIAM A. SANDS; JACLAND HOLDING CORPORATION; VIOLA E. BREEN, NEIL G. BREEN, and ESTHER R. BREEN, and KOPPERS COMPANY, Respondents.— Proceedings in condemnation for the widening of Northern boulevard and providing an approach to a high level bridge over Flushing river, and for the construction of a ramp on said approach, etc.' The city appeals from so much of the final decree as awards consequential damages to the owners of damage parcels 46, 47, 48 and 51. Decree modified by striking therefrom, without prejudice, the awards for the consequential damages to the owners of damage parcels 46, 47, 48 and as thus modified unanimously affirmed, in so far as appealed from, with costs against appellant to the owner of damage parcel 51 and to appellant as against the owners of damage parcels 46, 47 and 48. The owner of land taken is entitled to the value thereof and also to damages to the remainder of the parcel not taken, by reason of severance and *the use to which the property taken* is to be put. (*County of Erie* v. *Fridenberg,* 221 N. Y. 389, 393; *Matter of Jaquino Realty Corporation* v. *Ormond,* 217 App. Div. 76, 82; *Matter of Bd. of Public Improvements,* 99 id. 576, 577, 580.) The taking here was in trust for street purposes only. That part of the widened street utilized as and for an approach to the bridge is a use for street purposes. (*Matter of City of New York* [*Harlem River Bridge*], 174 N. Y. 26.) That part of the approach or widened street upon which is constructed a ramp is, however, not utilized for a street use. (*Matter of City of New York* [*Harlem River Bridge*], 174 N. Y. 26, 35.) In so far as damage parcel 51 is concerned, it is conceded that the ramp is constructed or to be constructed in part upon that parcel. Therefore, the remainder of the original parcel from which damage parcel 51 was severed is entitled to consequential damages by reason of the use to which the property taken is to be put, involving, as it does, a physical entry and appropriation on the part of the city to the exclusion of the public and adjoining owners. That owner, therefore, was entitled to consequential damages under the rule stated in *South*

*Buffalo R. Co.* v. *Kirkover* (176 N. Y. 301) for the impairment of easements of light, air and access. The question certified in *Matter of City of New York* (*Harlem River Bridge*) (174 N. Y. 26) made no distinction between the two types of land user involved in the approach. Both types were grouped together in the question, the negative answer to which leaves unimpaired the doctrine of *South Buffalo R. Co.* v. *Kirkover* (*supra*) so far as concerns the right to damages to the untaken balance of a parcel by reason of severance and the use to which the property taken is put. A different situation exists, however, with regard to damage parcels 46, 47 and 48. None of these parcels is devoted to other than a street use by way of widening the theretofore existing street. As a consequence, the rule in *South Buffalo R. Co.* v. *Kirkover* (*supra*) has no application since no part of these parcels thus taken is devoted to a use that detrimentally affects the remainder or untaken part of the parcels. The detrimental use invoked as a basis for damages to these parcels, *i. e.*, the physical structure in the form of a ramp, etc., is constructed to the south of these parcels in the bed of the old or original street. Accordingly the owners of damage parcels 47 and 48 must be relegated to such relief as they may be advised to seek under the doctrine of *People ex rel. Crane* v. *Ormond* (221 N. Y. 283) and *Motter of Jaquino Realty Corporation* v. *Ormond* (217 App. Div. 76). Damage parcel 46 was not part of a parcel upon which there were any improvements. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.