In the Matter of the Claim of WILLIAM VAN BUREN, Respondent, against M. VENER TRUCKING CORPORATION and GREAT AMERICAN INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

LEON KLUGEWICZ and ELIZABETH KLUGEWICZ, Respondents, v. THE STATE OF NEW YORK, Appellant. (Claim No. 25220.) — The State has appealed from a judgment in favor of claimants. The claim is for damages due to the appropriation of an easement for the purpose of eliminating a grade crossing. The easement was appropriated pursuant to section 6 of the New York City Grade Crossing Elimination Act, being chapter 677 of the Laws of 1928. More than two years having elapsed before the claim was filed the Legislature by chapter 733 of the Laws of 1938 authorized the filing of such claim and directed the Court of Claims to make an award in favor of claimants if it should be found that they were entitled to damages pursuant to chapter 677 of the Laws of 1928. That act must be read in conjunction with the Enabling Act. Two contentions are made by the State: (1) That the Court of Claims had no jurisdiction to make an award; (2) that the court adopted an improper rule of damages. The two statutes to which reference has been made vest the Court of Claims with jurisdiction. An easement in lands is included within the term real property. (*People ex rel. New York Central & H. R. R. R. Co.* v. *Walsh*, 211 N. Y. 90; *Adee* v. *Nassau Electric R. R. Co.*, 72 App. Div. 404.) The Court of Claims allowed claimants consequential damages. These damages are included in the item legal damages authorized by the provisions of the New York City Grade Crossing Elimination Act. (*South Buffalo R. Co.* v. *Kirkover*, 176 N. Y. 301; *St. Albans Land Corp.* v. *State of New York*, 254 App. Div. 395.) Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.