Keating, J.
Like most programs undertaken in the name of Twentieth Century progress, the massive public highway construction launched in recent years has produced its share of problems and inconveniences. Of particular concern has been the damage done to the quiet beauty of many once remote and inaccessible areas, as well as the intrusion of the seemingly endless *411 line of asphalt and concrete into the enclaves which many people have sought as surcease from the hustle and bustle of modern day life.
The home of Ira and Dorothy Dennison located in a remote wooded area in Lake George, New York, was unfortunately in the path of one such highway, the Luzerne Road-Lake George Interchange. The area in which the Dennisons’ colonial frame house was located, as described in the opinion of the Court of Claims, consisted of generally high and beautifully wooded and landscaped land. The west area of the property sloped downward sharply to the south and west and was covered with a natural stand of trees. The entire eastern section of the property was surrounded by many tall pine, maple, birch, oak and fruit trees. There were no telephone or electric poles as all services were underground. A stream which ran into Lake George formed one border of the property. The landscaping included exotic shrubs and trees. Large shade trees bordered on the lawns. A pine grove at the south end of the property protected the residence from the elements. A raspberry and asparagus garden and dwarf apple trees were part of the landscaped area. In sum, as the Court of Claims Judge concluded, the property “ was entirely secluded, quiet and peaceful ”. (48 Misc 2d 778, 780.)
The aftermath of the condemnation of a portion of the property and the construction of the highway is vividly described in the opinion of the Court of Claims: “As a result of the appropriation, a new highway has been constructed which crosses Old Mill Brook at a point westerly of claimants’ residence and continues across the westerly part of the claimants’ premises at a distance of about 200± feet from said residence. In place of the beautiful view of forest and mountain, which claimants could see from their westerly windows and living areas on the west side of their residence, has been substituted the new highway supported by an embankment approximately 27 feet above grade level at its crossing of Old Mill Brook and averaging approximately 20 feet in elevation above the westerly lawns of claimants’ property. All of the sylvan beauty afforded by the forest pre-existing the highway and the privacy and quiet it provided are gone for the State necessarily removed the trees in the course of constructing the new highway. The complete *412 privacy and quiet the claimants enjoyed has been taken from them because the new highway presents a stream of automobile traffic with its attendant noise, lights and odors ” (supra, pp. 782-783).
In awarding damages for the partial taking of the Dennisons’ property, the Court of Claims took into consideration “ the loss of privacy and seclusion, the loss of view, the traffic noise, lights and odors all as factors causing consequential damage to the remaining property?’. The Appellate Division (Third Department) unanimously affirmed. We granted leave to appeal.
The State argues that the courts below were in error in considering noise as a factor in making an award for consequential damages and urges that the order be reversed and the case remanded to the Court of Claims for a new trial at which the court should make an award without considering the injury to the value of the claimants’ property caused by the noise of passing traffic.
The State concedes that it is well settled in this State that, where there is a partial taking, consequential damages which ensue upon the taking are to be considered in determining the award and that, among other things, damages which arise from the use of the parcel taken are entitled to consideration (see, e.g., South Buffalo Ry. Co. v. Kirkover, 176 N. Y. 301).
The State argues, however, that not all elements of consequential damages resulting from the use to be made of the condemned property are to be considered. To be excluded from consideration are elements of damage which are not peculiar to the owner of the remaining property but are suffered by the public generally. Thus, the State points to the fact that, where there has been no partial taking of property, an owner whose property adjoins a public highway would not be entitled to damages resulting from the depreciation of his property due to the noise of cars and trucks passing on the highway. (See, e.g., Mathewson v. New York State Thruway Auth., 11 A D 2d 782 [2d Dept.], affd. 9 N Y 2d 788; Bennett v. Long Is. R.R. Co., 181 N. Y. 431; Nunnally v. United States, 239 F. 2d 521 [4th Cir.].) Therefore, a property owner should not be entitled to compensation for such damages merely because of the fortuitous circumstance that a portion of his property was needed to construct the highway.
*413 While this argument is not without some merit, we believe that it overlooks the method by which the courts below awarded damages and the practical difficulties involved in adopting the rule it suggests.
The courts below did not make a separate award for damages due to noise but rather merely considered it as one factor in determining the decrease in value to the remaining property. As we view the case, it would have been practically impossible for the court to separate the noise element from the other elements which, it is conceded, were properly considered—the loss of privacy, seclusion and view. Any reduction which would be made on remand would be purely arbitrary and at best speculative. How could it be determined which portion of the diminution in value was due to loss of privacy and view and which portion was due to noise ? The State does not suggest an answer but argues steadfastly that such a determination must be made.
This does not answer the question and is clearly contrary to cases in this and other jurisdictions which have recognized that, where there has been a partial taking of property of the kind present here, the noise element may be considerd as one of several factors in determining consequential damages (South Buffalo Ry. Co. v. Kirkover, supra; Shano v. Fifth Ave. & H St. Bridge Co., 189 Pa. 245; Crawford v. Central Nebraska Public Power & Irrigation Dist., 154 Neb. 832).
In conclusion, we would note that we are not unmindful of the State’s argument that there are certain inconveniences which property owners must endure without monetary compensation if we are to have the advantages of modem means of transportation (see, e.g., Bopp v. State of New York, 19 N Y 2d 368, 373). In the instant case and cases of like kind, however, we believe that the practical difficulties attendant upon accepting the State’s theory of evaluating damages outweighs any benefit likely to be derived from applying it.
The order of the Appellate Division should be affirmed, with costs.