Bergan, J. (dissenting).
It is, unfortunately, not made altogether clear in the majority opinion whether the reason that leads the court to accept future traffic noise as an element of consequential damage is the difficulty in segregating this element from other well-established items; or whether, as a matter of policy, future traffic noise should be the subject of consequential damages, even if it stood alone. The two questions are rather different.
At one point the opinion observes that it would have been “ practically impossible for the court to separate the noise element from the other elements ” and concludes that any reduction on remand ‘ ‘ would be purely arbitrary and at best speculative ”.
Although the opinion regards the State’s answer (or non-answer) to this question of segregation unacceptable, it also treats the State’s answer as being contrary to South Buffalo Ry. Co. v. Kirkover (176 N. Y. 301) and to two cases in other States. In its final paragraph the opinion again reverts to the “ practical difficulties ” in accepting the State’s theory as outweighing any benefit likely to be derived from accepting it.
Thus the stress in the rationale of the majority seems to fall on the difficulty in segregating damages. But the burden is on a claimant to show that the consequential damage asserted by him flows from the taking; and it is strange doctrine, indeed, to say that a man is entitled to an item of damage not recoverable if it stood alone because he is unable to segregate that item from other items of damage properly recoverable.
Nor is segregation necessarily practically impossible in this case. No attempt was made by the claimants to separate damage frojn future traffic noise from other items; and the impossibility of the segregation is thus one which has merely been *415 assumed on appeal. Moreover, expert witnesses and trial courts are accustomed to separating elements of damage that are proper from those elements not proper. This covers a wide range of subjects and it does not seem unreasonable to require a claimant having the burden of proof to make the segregation, or if not made, to fail in his claim for undifferentiated damage.
This leads to the broader implication of the present decision, beyond the impossibility of segregation which was decisive at the Appellate Division (28 A D 2d 28, 29) and which seems largely controlling in this court. That other and broader question beyond segregation is whether future traffic noise is a legitimate part of consequential damage at all.
Traffic noise on highways and streets is a universal condition of modern life. The nearer one gets to the beneficial public conveniences of rapidly moving transportation, the more pervasive the noise.
Millions of residents of New York are exposed to it along the Long Island Expressway, the East River Drive, the West Side Highway, the Route 17 Quickway and the Thruway, to suggest some notable examples. Its effects are not limited to people whose property adjoins the highway. It can be heard with more or less intensity for remarkable distances. That it has, indeed, a consequence on market value wherever it is heard is undoubtedly true. But there are some unpleasant consequences of modern life which are not the proper subject of damages in a law court.
The very universality of traffic noise presents a quite different problem from the items customarily allowed as consequential damages in condemnation. If a tree which shades a man’s home is cut down or his access to a highway is destroyed or his view from his property affected detrimentally, these are things directly and specially tied into the land.
But traffic noise is heard by everyone within the range of sound; and since, it is a consequence that one takes by choosing to live in a country which builds modern highways, with resulting economic and transportation advantages to everyone, damage ought not, as a matter of policy, be allowed in general and unlimited scale for this kind of consequence.
The court seems by implication to sanction future noise damage in quite, unrestricted form. If it does this, it ought to recon *416 sider the cases such as Bennett v. Long Is. R.R. Co. (181 N. Y. 431) and Mathewson v. New York State Thruway Auth. (11 A D 2d 782, affd. 9 N Y 2d 788) which it cites with approval and in which damage for noise was disallowed in the absence of a taking.
It is not easy to support the justice of a distinction between a man from whom a small slice of land is taken for a road who may get damages for future traffic noise and a man who is just as near the road and suffers every bit as much damage but from whom no land is taken.
The nature of traffic noise destroys the essential element of particular unity of interrelationships between taking and consequence which until now has been a characteristic of this type of damage.
The idyllic beauty of claimants’ house, wooded and landscaped property, its exotic shrubs, trees and garden will not be affected more adversely by future traffic noise than many hundreds of people owning property near the Northway from whom there has been no physical taking.
The danger of unrestricted acceptance of this enlargement of public liability is suggested by the fact no requirement is imposed, as it ought to be if liability is to be broadened, that the party seeking damages show himself injured in a special way, not shared by the general public, e.g., a hospital, a school, a church.
Nor does South Buffalo Ry. Co. v. Kirkover (176 N. Y. 301, supra), cited by the majority opinion as the New York case supporting this present decision, give it much sustenance. The opinion grouped noise from railroad operations with smoke, dust and cinders as among items for which evidence tending ‘ ‘ to legally establish the amount * * * is competent ” (p. 307).
The court made no analysis of the effect of noise as damage and it was grouped without distinction or differentiation with a number of other items. The court made a somewhat unusual approach to the problem in considering the principle * ‘ unembarrassed by legal decisions ” (p. 306).
South Buffalo Railway is not, therefore, a case which should control the significant present-day policy problem of future traffic noise. In Mount Hope Cemetery Assn. v. State of New York (11 A D 2d 303, affd. 10 N Y 2d 752) the item for damage for noise, as specially affecting a cemetery, was not con *417 tested by the State as such and the opinion of the court gave no consideration to it. The case is not, therefore, in point.
Care must be taken, too, in accepting uncritically some of the out-of-State decisions. The Pennsylvania decisions, for example, rest upon a grouping of damage elements which are left generally to a jury under rules peculiar to that State (see, e.g., Shano v. Fifth Ave. & H St. Bridge Co., 189 Pa. 245).
And in some other States, the rule which this court ought to adopt as at least a minimal limitation on its decision is that, where noise is an element of damage, it must be shown that its effect on the claimant is not common to other owners (see, e.g., Mississippi State Highway Comm. v. Colonial Inn, 246 Miss. 422; People v. Symons, 54 Cal. 2d 855).
The order should be reversed and the claim remitted to the Court of Claims to require claimants to establish their consequential damages independently of the element of future traffic noise.
Judges Burke and Jasen concur with Judge Keating ; Chief Judge Fuld concurs in a separate opinion; Judge Bergan dissents and votes to reverse in an opinion in which Judges Scileppi and Breitel concur.
Order affirmed.