### In re BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

EMINENT DOMAIN—MEASURE OF COMPENSATION.

    Where a street was taken for an elevated railroad, it was proper to award to abutting owners, not owners of the street, an amount equal to the difference between the value of the property before and after the taking, less the consequential damages due to the annoyance caused by noise, vibration, unsightliness of structure, and all elements other than the value of easements of light, air, and access.

    [Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 260, 373.]

Appeal from Special Term, Kings County.

In the matter of the petition of the Brooklyn Union Elevated Railroad Company, relative to acquiring title to real estate of a right of way in the borough of Brooklyn and county of Kings in the city of New York, parcel No. 877–885, Fulton street. From an order confirming the report and award of commissioners under the judgment of condemnation, James H. Ollif and others appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Cyrus V. Washburn, for appellants.

Charles L. Woody, for respondent.

WOODWARD, J. The appellants contend upon this appeal that the award made by the commissioners for damages to the easements upon their several properties upon Fulton street, by reason of the construction and operation of the plaintiff's railroad, are inadequate, and that the commissioners committed errors of law which entitle them to a reversal of the order. Under condemnation proceedings the commissioners are authorized to and do view the premises involved in their investigation into the damages sustained, and the rule is well established, requiring the citation of no authorities, that in the absence of obvious error in the application of the law, the award of commissioners, approved by the court at Special Term, will not

be disturbed.    They are not bound down by any narrow, technical rules of evidence; they may seek information wherever it is to be found, and in the last anlysis it is the judgment of the commissioners which is to prevail, provided they have acted within the law.    Practically the only question involved in this appeal which is of any importance, in view of the rules governing such matters, is whether the measure of damages adopted is the correct one.

In this case we are of opinion that the commissioners were justified in taking notice of the fact that there was no taking of land; the petition on which the proceeding is based describes the premises affected as being bounded along the side of Fulton and other streets, and as the plaintiff could take no more than it described in its petition, and there was no attempt to show that the defendants owned the land in the highway, the commissioners were bound to award damages only for the taking of the property rights in the premises described.    These premises are located on a triangle, bounded by streets on three sides, the plaintiff operating its elevated railroad on one of these three sides, and the question here presented is whether the commissioners have adopted the correct measure of damages.    The commissioners in their report say:

"To James H. Ollif, James L. Ollif, Gerald Ollif, and Sidney L. Ollif, the owners, and Mary A. Peebles, Mary E. Cowenhoven, Sarah J. Frasse, and James T. Barrow, mortgagees, of the parcel of property designated in the petition and hereinafter described as parcel No. 877 to 885 Fulton street, the sum of five hundred (500) dollars; that we have ascertained the amount of said award by first determining the difference in value of the property as it is today with the elevated road in front of it and with trains operated thereon, and what the property would be worth if the elevated railroad was wholly removed from the street, and then from the sum so found, we have deducted that part of the consequential damages which we ascribe to the annoyance caused by noise, vibration, unsightliness of structure and all other elements other than the value of easements of light, air, and access, and the residue remaining, after deducting the aforesaid elements, is the sum found above."

It is claimed that this award is not in harmony with the judgment of condemnation, in that the latter directed that the award should cover all of the elements above mentioned, but we are of opinion that the commissioners were not bound by that judgment to include in their award that which the law does not recognize as an element of damage in cases of this character, and that the true rule is as stated in Matter of Brooklyn Union El. R. R. Co., 95 App. Div. 108, 110, 88 N. Y. Supp. 426, that the basis of the appraisement "is generally the difference in value of the abutting premises actual and prospective, before and after the construction of the road, in so far as the same is due to such construction and to the operation of the road."    That is, the commissioners are to take into consideration all of the elements, and determine the value of the property without the presence of the road; then to determine its value with the road constructed and in operation, which necessarily involves all of the elements of noise, vibration, unsightliness, etc., and the owner is to be compensated for the loss, if any, due to the taking of his easements of light, air, and access.

Of course, if the property is worth more with the railroad in the highway than it is without it, then the excess of valuation is to be offset against the value of the easements taken, and the question involved being one of great complication, it is left to a very large extent to the judgment of the commissioners, having in view all of the facts which they are able to gather from the evidence or from their own observations and general knowledge of the situation.

Of course, where the petitioners actually take a portion of the real estate, a different rule of damages is brought into play. In such a case there is the duty not only of paying just compensation for the part which is physically taken, but justice requires that there shall be an award for the damages which the remaining portion of the premises shall suffer, and this includes all of the elements incident to the construction and operation of the railroad in the vicinity of the remaining portion of the premises. But the case now before us is not such a case. Here the inquiry is simply as to the value of the premises, with unobstructed easements of light, air, and access, and the value of the same with the road constructed and in operation, encroaching upon these easements, in so far as such values are affected by such construction and operation of the road.

Without attempting to analyze the various authorities bearing upon this question, it is sufficient to say that we do not think the commissioners have erred in the application of the rule of damages in this case, and we do not find any error of importance, under the rules recognized and applied in proceedings of this character.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.