Caroline E. Rasch, Respondent, *v.* Nassau Electric
Railroad Company et al., Appellants.

Railroads — measure of damages to be paid to abutting owner,
also owning fee in the street, for construction and operation of
street railroad.

The owner of premises, who is also the owner of the fee in the adjacent
street, may recover damages for the construction and operation of a
trolley road in the street, not only for the injury to his easements of
light, air and access, but also for that due to the noise and vibration
as a result of the operation of the cars on his property in the street.
(*American Bank Note Co.* v. *New York Elevated Railroad Co.*, 129 N. Y.
252, distinguished.)

Where land is acquired by a railroad company without the consent of the
owner he is entitled to recover the market value of the premises actually
taken and also any damages resulting to the residue, including those
which will be sustained by reason of the use to which the portion taken
is to be put by the company. This rule does not include injuries from
the improper operation of the railroad, but does include all damages
which the proper operation of the railroad entails. (*South Buffalo Rail-
way Co.* v. *Kirkover*, 176 N. Y. 301, followed.)

The ownership of the fee of the land in a street has a substantial value
to the abutting property holder in the degree of control it gives to him
over the uses to which the street may be put. It vests him with the
right to defend against and to enjoin a use of or an encroachment upon
the street, under legislative or municipal authority, for purposes
inconsistent with those uses to which streets should be or have been
ordinarily subjected, unless just compensation is provided to be
made. (*Matter of City of New York [Decatur Street]*, 196 N. Y. 286,
distinguished.)

*Rasch* v. *Nassau El. R. R. Co.*, 120 App. Div. 897, affirmed.

(Argued March 3, 1910; decided April 26, 1910.)

Appeal from a judgment of the Appellate Division of the
Supreme Court in the second judicial department, entered
December 2, 1908, affirming a judgment in favor of plaintiff
entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*James C. Church, Augustus Van Wyck* and *Charles W. Church, Jr.,* for appellant. The principle is established that when land is taken for the construction of a railroad without the consent of the owner, said owner is entitled also to recover for any depreciation caused by the use to which it is appropriated. (*Palmer* v. *L. E. Co.,* 158 N. Y. 231; *Story* v. *N. Y. El. R. R. Co.,* 90 N. Y. 122; *A. B. N. Co.* v. *N. Y. E. R. R. Co.,* 129 N. Y. 252; *Messenger* v. *M. E. R. R. Co.,* 129 N. Y. 502; *S. A. R. R. Co.* v. *M. E. R. R. Co.,* 138 N. Y. 548; *H. R. T. Co.* v. *W. T. R. Co.,* 135 N. Y. 393; *Malcolm* v. *E. R. R. Co.,* 147 N. Y. 308.) As the sole basis for the award of fee damage was the incidental causes from the operation of the road in addition to the interference with light, air and access, it follows that the court in awarding such damage adopted an erroneous rule. (*S. A. R. R. Co.* v. *M. E. R. Co.,* 138 N. Y. 548; *Messenger* v. *M. E. R. R. Co.,* 138 N. Y. 502.)

*Charles H. Strong* and *Edwin A. Watson* for respondent. The doctrine that the construction and operation of a street surface electric railway entitles an abutting owner, who also owns the fee in the street, to compensation, has become a fixed rule of property. (*Peck* v. *S. R. R. Co.,* 170 N. Y. 298; *Paige* v. *S. Ry. Co.,* 178 N. Y. 102; *Miller* v. *N. Y. & N. S. R. R. Co.,* 183 N. Y. 124; *McCruden* v. *R. R. R. Co.,* 5 Misc. Rep. 559.) Surface railroad structures are an additional burden on the fee of the street, and the abutting owner is entitled to such compensation therefor as is reasonable. (*Matter of R. T. R. R. Comrs.,* 197 N. Y. 81; *Sperb* v. *M. E. R. Co.,* 137 N. Y. 155; *S. B. Ry. Co.* v. *Kirkover,* 176 N. Y. 301.) In ascertaining the compensation to be made plaintiff for injury to the remainder arising out of the use to which the portion taken is put, the trial court did not include improper elements of damage. (*A. B. N. Co.* v. *N. Y. E. R. R. Co.,* 129 N. Y. 252; *Conabeer* v. *N. Y. C. R. R. Co.,* 156 N. Y. 474; *Donahue* v. *K. G. Co.,* 181 N. Y. 313; *Matter of R. T. R. R. Comrs.,* 197 N. Y. 81; *Matter of B. U.*

*E. R. R. Co.*, 105 App. Div. 111 ; 101 App. Div. 626 ; 113 App. Div. 817.)

Cullen, Ch. J.   The action is brought in equity by the owner of a residence on Union street in the borough of Brooklyn, who also owns the fee in the adjacent street, to recover rental and fee damages for the construction and operation of a trolley railroad in front of his house.   There is no question as to the liability of the appellants, but it is complained that improper elements of injury were considered in estimating the plaintiff's damages.   The trial court, as appears by its findings, awarded damages not only for the injury to the plaintiff's easements of light, air and access, but also for that due to the noise and vibration as a result of the operation of the cars on plaintiff's property in the street.

It is contended by the learned counsel for the appellants that the recovery should have been confined to damages resulting from the injury to the easements of light, air and access to the plaintiff's adjoining residence, and reliance is principally based on our decisions in the elevated railroad cases, of which *American Bank Note Company* v. *New York Elevated Railroad Company* (129 N. Y. 252) is the leading authority.   Undoubtedly such is the rule in that class of cases, but the basis of the rule is that in those cases (without a single exception that I can find or to which our attention has been called) the plaintiff did not own the fee of the street.   His right to any compensation rested on the fact that he had easements in the street of light, air and access, and as these were his only easements, necessarily, it was only for an invasion of those easements for which he was entitled to compensation, except where the defendants were trespassers. In the case of *Matter of the Brooklyn Union Elevated Railroad Company* v. *Oliff* (113 App. Div. 817 ; affd. by this court, 188 N. Y. 553), to which the appellants refer, the plaintiff was merely an abutter.   But the rights of the plaintiff in this case rest on a different foundation.   She is the owner of the fee subject to the public easement.   It was held by this court

over forty years ago in *Craig* v. *Rochester City & B. Railroad Company* (39 N. Y. 404), and reiterated seven years ago in *Peck* v. *Schenectady Railway Company* (170 N. Y. 298), that a street railroad is not a street use, but an additional burden placed on the land for which the owner of the fee is entitled to compensation. What should be the proper measure of compensation to a landowner, part of whose lands are taken by eminent domain, was for a long time a mooted question, the decisions being those of the Supreme Court. In one set of cases it was held that the owner was entitled to the value of the land taken and compensation for the injury caused the remaining land by the severance, but not for injury occasioned by the particular use to which the land taken was to be put. In another set of cases a contrary doctrine was maintained, and it was held that the landowner was entitled to compensation for damage caused by the use to which the land was appropriated. In the case of *American Bank Note Company* (*supra*) Judge FINCH intimated doubt as to the propriety of the rule allowing compensation for the particular use which was to be made of the land acquired. In *Bohm* v. *Metropolitan Elevated Railway Company* (129 N. Y. 576) Judge PECKHAM said " as to the land remaining, the question has been to some extent mooted, whether the company should pay for the injury caused to such land by the mere taking of the other property, or whether, in case the proposed use of the property taken would depreciate the value of that which was not taken, such proposed use could be regarded and the depreciation arising therefrom be awarded as part of the consequential damages suffered from the taking. I think the latter is the true rule." (p. 585.) The comments of the two learned judges who wrote in these cases were obiter, for in neither was the point involved, the plaintiff being a mere abutter. They have been cited merely to show the difference of opinion that existed on the subject. For the first time the question was squarely presented to this court in *South Buffalo Railway Company* v. *Kirkover* (176 N. Y. 301) and it was held : " Where land is acquired by a railroad company without the consent of

the owner, he is entitled to recover the market value of the premises actually taken and also any damages resulting to the residue, including those which will be sustained by reason of the use to which the portion taken is to be put by the company." We think that decision is conclusive against the appellants. The rule in the *Kirkover* case is not to be misconstrued. Of course, it does not include injuries from the improper operation of the railroad. Those can be restrained at the suit of the party aggrieved, or damages may be recovered for them. But the rule does include all damages which the proper operation of the railroad entails.

The appellants, however, further contend that this court has decided that the value of the fee of the street is only nominal. (*Matter of City of New York* [*Decatur Street*], 196 N. Y. 286.) If this were to be conceded I do not see that it would help the appellants in the face of our decision in the *Kirkover* case, for under that decision the landowner may be entitled to consequential damages much greater than the value of the land taken. But the *Decatur Street* case does not decide the proposition contended for. In that case the owner of the fee of the street, who had sold the land abutting thereon, was given an award for the full value of the land as unincumbered by any easement of the abutters, who practically were to pay the award by assessment. After the confirmation of the award, to remedy this injustice the abutting owners applied to have the award paid to them, to which claim the Special Term and Appellate Division acceded. We reversed the action of the courts below, holding that the courts could not transfer the award from one party to the other. But at the same time we took occasion to point out the injustice and show how it could be remedied by applying to vacate the order of confirmation. In that discussion we did say that the owner of the fee was entitled to no more than nominal damages. But the ownership of a fee of a street disconnected with adjoining land and subject to the easements of abutting owners is a very different thing from the fee of a street in connection with other property which abuts on the street. It

is just this distinction which is pointed out by Judge GRAY in *City of Buffalo* v. *Pratt* (131 N. Y. 293), where he said : "It is unquestionable, however, that the ownership of the fee of the land in a street has a substantial value to the abutting property holder, in the degree of control it gives to him over the uses to which the street may be put. It vests him with the right to defend against and to enjoin a use of, or an encroachment upon the street, under legislative or municipal authority, for purposes inconsistent with those uses to which streets should be, or have been ordinarily subjected ; unless just compensation is provided to be made." (p. 299.)

The appellants, while conceding that ordinarily before acquisition or condemnation of the land a railroad company may be treated as a trespasser and subjected to consequential damages, contend that in the present case the general rule is inapplicable. It is unnecessary to consider this point, for if the elements of damage of which they complain are competent, as we hold, in estimating compensation for the fee, of course they are equally competent in estimating rental damages under any circumstances.

The judgment appealed from should be affirmed, with costs.

GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur ; CHASE, J., absent.

Judgment affirmed.