EMMA F. DUNCAN, Individually and as Executrix of LORENZO DUNCAN, Deceased, Respondent, *v.* THE NASSAU ELECTRIC RAILROAD COMPANY et al., Appellants.

*Duncan* v. *Nassau Electric R. R. Co.*, 132 App. Div. 901, reversed.
(Argued March 3, 1910; decided April 26, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 19, 1909, modifying and affirming as modified a judgment in favor of plaintiff entered upon the report of a referee.

*James C. Church, Augustus Van Wyck* and *Charles W. Church, Jr.*, for appellants.

*Charles H. Strong* and *Edwin A. Watson* for respondent.

CULLEN, Ch. J.   The principal questions presented on this appeal have been disposed of adversely to the appellants by our decision in *Rasch* v. *Nassau Electric Railroad Company* (198 N. Y. 385) and need not now be discussed.   There is, however, an error in the form of the judgment rendered in the Appellate Division which requires its reversal.   The action is brought to recover rental and fee damages for the construction and operation of a trolley railroad on Union street, in the borough of Brooklyn.   The judgment entered upon the report of the referee awarded the plaintiff an absolute judgment for $2,350.83 for rental damages.   It further awarded an injunction against the maintenance and operation of the railroad, subject to the condition that if the defendants should tender the plaintiff the sum of $5,000 for the fee damage, the injunction should be inoperative and the plaintiff should release to the defendants the right to maintain and operate their road.   The Appellate Division reversed the judgment of the Special Term and directed a new trial unless the plaintiff should reduce the recovery of damages to $3,000, in which case the judgment as reduced was affirmed.   The plaintiff having given that stipulation, judgment was entered accordingly.

The difficulty with the judgment of the Appellate Division is that it fails to distinguish between the several parts of the judgment of the Special Term. The unqualified recovery awarded by that judgment, which the plaintiff was entitled to enforce by execution, was less than the sum of $3,000. While as to the award for fee damages, it was entirely optional with the defendants to avail themselves of the privilege awarded by that judgment of paying that sum or of abandoning the operation of their road. Instead of reducing either or both of these awards severally, if the learned Appellate Division thought them excessive, as a condition for the affirmance of the judgment, which that court had the power to do, it has made an award of a single sum for both, which was beyond its power. It may be that the action of the Appellate Division will be of no practical injury to the appellants, as in all probability they will pay any fee damages rather than abandon the operation of their railroad ; still, as the point is taken by them on this appeal, they have the right to a judgment in the form prescribed by law.

The judgment of Appellate Division should be reversed and the case remitted to that court for a decision in accordance with the suggestions contained in the *Rasch* opinion, without costs of this appeal to either party.

GRAY, EDWARD T. BARTLETT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur ; CHASE, J., absent.

Judgment reversed, etc.