and in case of the plaintiff so stipulating the judgment be modified accordingly, and as modified affirmed, without costs.

McLAUGHLIN, MILLER, and DOWLING, JJ., concur.

LAUGHLIN, J. I dissent from the affirmance of the judgment as modified, if the stipulation for reduction be given, and vote for unconditional reversal.

(151 App. Div. 75.)

MAYNE v. NASSAU ELECTRIC R. CO. et al.

(Supreme Court, Appellate Division, Second Department. May 24, 1912.)

EMINENT DOMAIN (§ 270*)—COMPENSATION—ADDITIONAL SERVITUDE—STREET RAILROADS—OWNERSHIP OF LOTS AND FEE OF STREET.

Though, so long as a lot abutting on a street and the fee of the street in front of it are owned by different persons, as they were when a street railroad was constructed on such part of the street, and operation thereof commenced, without acquisition of legal right over such part of the street, the owner of the lot cannot maintain an action for the additional servitude, and the owner of the fee of the street is entitled only to nominal damages; yet, the ownership of the lot and the fee of such part of the street being merged in the same person before commencement of the action, he can recover substantial damages; the fee when so owned having a different value from what it has when owned alone.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 706–716, 741; Dec. Dig. § 270.*]

Appeal from Special Term, Kings County.

Action by Mary J. Mayne against the Nassau Electric Railroad Company and the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendants appeal. Affirmed.

The opinion of Putnam, J., at Special Term is as follows:

Plaintiff, as owner of the residence at No. 875 Union street, Brooklyn, seeks to enjoin the surface railway, conducted by overhead trolley wires, from operating in front of her premises, unless she is paid for impairment of the fee value, with the damage to the use and occupation.

Defendant's tracks were laid in 1901, but the road was not regularly running until May, 1905.

Plaintiff's title, through mesne conveyances, comes from Charles A. Glover, who in March, 1884, deeded a piece of ground with a 50-foot frontage (part of which is the land here in question) by boundaries that exclude any part of the bed of the street. Dix v. Nassau Elec. R. R., 138 App. Div. 889, 122 N. Y. Supp. 1126. On this lot in 1885–86, there was built a three-story and basement brownstone private house, with 21-foot front, being one of a block of 12 similar houses put up by the same builders, extending from street No. 865, near Seventh avenue, to No. 889, near the middle of the block. The title to the house and the lot to the said line of the street was acquired by plaintiff on December 26, 1908, from Thomas J. Murphy, who had owned this property since May 18, 1896. By a separate conveyance from the Glover heirs, plaintiff, on February 26, 1909, obtained the fee in the frontage to the middle line of the street. Upon these titles, then united in her, she started this suit on April 21, 1909.

A purchaser, after the railroad company had entered the street and had been operating its line, may nevertheless enforce his remedy, as the trespass goes on, and gives rise to actions as the continuing injuries are perpetrated. Pappenheim v. Met. E. R. R. Co., 128 N. Y. 436, 28 N. E. 518, 13 L. R. A. 401, 26 Am. St. Rep. 486. Whether plaintiff's title came through one or two con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

veyances would not affect her rights. Although the fee of the street bed is of small value when separated from the lot and building to which it is adjacent, a trespass thereon is not the less illegal. Down to February 26, 1909, this trespass gave the Glover heirs a right against these defendants, and this claim cannot be disregarded because it had a small money value. Speaking of private rights, also, in the highway, Finch, J., states: "The smallness of the value does not justify seizures of the fee, without due and lawful authority, or its destruction by indirect rulings." Robert v. Sadler, 104 N. Y. 229, 10 N. E. 428, 58 Am. Rep. 498. Had the defendants in 1901 elected to take condemnation proceedings against this frontage in the bed of the street, they might have lawfully acquired a right of way by paying nominal damages. Matter of Decatur Street, 196 N. Y. 286, 89 N. E. 829. But as the defendants chose to go on, without obtaining the legal right over this strip, they took the chance of eventually having to meet the rights of its owners, either separately asserted, or effectively combined with the ownership of the land, to which this frontage was a natural adjunct. Kenkele v. Man. Ry. Co., 55 Hun, 398, 8 N. Y. Supp. 707.

The real ground on which the abutter is entitled to damages for the physical impairment of his property is, not that he owns the fee of the street, but owns land abutting on the street. "The fee," says Vann, J., "is of slight value, and of no value whatever except to support a theory leading to injustice, for the *proximity* of his land to the street is what gives value to the abutter's property." Matter of Rapid Transit R. R. Com'rs, 197 N. Y. 81–103, 90 N. E. 456, 18 Ann. Cas. 366, citing Donahue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549. "The ownership of a fee of a street, disconnected with adjoining land, and subject to the easements of the abutting owners, is a very 'different thing from a fee in the street in connection with another property which abuts on the street." Rasch v. Nassau E. R. R., 198 N. Y. 385–389, 91 N. E. 786, 36 L. R. A. (N. S.) 645.

Plaintiff, being, therefore, vested with full title to the abutting property and the bed of the street, is entitled to compensation for the additional burden imposed by the operation of the road, which includes damage by vibration, dust, and noise, as well as interference with the easements of light and access. Along this block the grade of Union street is 3 feet to the 100, calling for greater sanding of the tracks, with the consequential dust therefrom blowing into the house. The increased traction force required induces more noise and electric flashes. In summer, a popular Coney Island route passes over this road, so that it is then often traversed all night by crowded open cars.

Interference with the rights of access are shown, including the effect of snow driven into and over the sidewalk by the operation of the car sweepers. On the other hand, the owners of the houses apparently receive little compensating benefits from this road. Being inconvenient for reaching the shopping districts, the Union Street line is little used by the residents of this block.

Plaintiff's evidence as to the value of these premises is that in 1901, before these tracks were laid, they were worth $16,000, but only $9,500 at the time of the trial; also, that in the same period, the value of the rental had fallen from $1,200 in 1901, to $750 at present. These declines, however, are not wholly due to defendant's railroad. Having regard to these other influences, and excluding them from this estimation, I find that the fee damage due to the construction, maintenance, and operation of this road is $2,500, and that the loss of rental from such railroad between February 26, 1909, and January 27, 1911—the date of the trial—is at the rate of $180 per year, at $345.50.

Decree be settled upon notice.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Edward W. Hatch, of New York City (Charles L. Woody, of Brooklyn, on the brief), for appellants.

Charles H. Strong, of New York City (Edwin A. Watson, of New York City, on the brief), for respondent.

PER CURIAM. We think that this case was well decided at Special Term, and that on view of the opinion of Putnam, J., who presided, any extended discussion is unnecessary. It may be quite true that the plaintiff as a mere abutter had no cause of action when the railroad was laid down and when its working began, and we may concede safely that the value of the fee of the street in front of that abutter's premises .might have been nominal to the separate owner thereof, and yet it would not follow that, when the abutter had acquired that fee and thereupon presented himself to a court of equity as an abutter who owned that fee, he could not recover substantial damages. For the court was not bound to consider that the value of the said fee to the former separate owner determined the value thereof to the abutter. Cullen, C. J., in Rasch v. Nassau Electric Railroad Co., 198 N. Y. at page 389, 91 N. E. at page 786, 36 L. R. A. (N. S.) 645, says:

"In that discussion we did say that the owner of the fee was entitled to no more than nominal damages. But the ownership of a fee of a street disconnected with adjoining land and subject to the easements of abutting owners is a very different thing from the fee of a street in connection with other property which abuts on the street. It is just this distinction which is pointed out by Judge Gray in City of Buffalo v. Pratt, 131 N. Y. 293 [299, 30 N. E. 233, 234, 15 L. R. A. 413, 27 Am. St. Rep. 592], where he said: 'It is unquestionable, however, that the ownership of the fee of the land in a street has a substantial value to the abutting property holder, in the degree of control it gives to him over the uses to which the street may be put. It; vests him with the right to defend against and to enjoin a use of, or an encroachment upon, the street, under legislative or municipal authority, for purposes inconsistent with those uses to which streets should be, or have been ordinarily subjected; unless just compensation is provided to be made.' "

And the question was as to the position of the owner at the time he came into the equity court. Koehler v. N. Y. El. R. R., 159 N. Y. 218, 53 N. E. 1114. See, too, Stevens v. N. Y. E. R. R. Co., 130 N. Y. 95, 28 N. E. 667; Chanler v. N. Y. El. R. R. Co., 34 App. Div. 305, 54 N. Y. Supp. 341. None of the rulings upon the evidence is fatal, for the old chancery rule applies in this case that a ruling to be effective must substantially. affect the judgment De St. Laurent v. Slater, 23 App. Div. 70, 48 N. Y. Supp. 1103; Townsend v. Bell, 167 N. Y. 462–470, 60 N. E. 757; Young v. Valentine, 177 N. Y. 347–358, 69 N. E. 643.

The judgment is affirmed, with costs.