120 App. Div. 410, 105 N. Y. Supp. 398, cited by the appellant. In that case, the accident happened from a "foul blow" with a sledge hammer by a fellow employé, and which blow was held to have been the proximate cause of the accident. There was, however, a ruling by the court in that case which may apply here; i. e., on the question of the assumption of risk by the plaintiff. This action is at common law. The plaintiff knew of the condition of the drill for many weeks, or months, and he complained of its danger, and hence he must have appreciated it. He did not continue at work under a promise from the foreman to remedy the defect. The case at bar is not distinguishable from that of Collelli v. Turner, 154 App. Div. 218, 138 N. Y. Supp. 900, s. c., 215 N. Y. 675, 109 N. E. 83.

[2] The defendant pleaded in its answer an assumption of risks by the plaintiff. The trial court should have disposed of this question, upon the undisputed proofs, as a matter of law. The complaint should have been dismissed.

The judgment and order should be reversed, and the complaint dismissed, with costs. All concur.

(173 App. Div. 253)

NASSAU ELECTRIC R. CO. v. CABOT. (BOYLAN, Intervener).

(Supreme Court, Appellate Division, Second Department.   June 9, 1916.)

**1. EMINENT DOMAIN ⬤⇒127—FEE OF STREET—COMPENSATION.**

Where the ownership of the fee of a street does not vest in the abutting owner, neither the abutting owner nor the owner of the fee are entitled to more than nominal damages for the appropriation of the fee under condemnation proceedings.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 348; Dec. Dig. ⬤⇒127.]

**2. EMINENT DOMAIN ⬤⇒124—APPROPRIATION—DATE.**

In proceedings by a street railroad to acquire an easement in the bed of a street, which was in the actual possession of petitioner, an order allowing the petitioner to remain in possession is analogous to an appropriation, and the damages should be appraised as of the date of such order.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 332–344; Dec. Dig. ⬤⇒124.]

**3. EMINENT DOMAIN ⬤⇒153—PERSONS ENTITLED TO AWARD.**

In proceedings by a street railroad to acquire an easement in the bed of the street, the title to the fee is not divested until the confirmation of the report of the appraiser, so that a conveyance of the fee after the commencement of the proceedings vests in the grantee the right to the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. ⬤⇒153.]

**4. EMINENT DOMAIN ⬤⇒178—PARTIES TO PROCEEDINGS.**

After the commencement of proceedings by a street railroad to acquire an easement in the bed of a street, the fee owner conveyed title to the abutting owner. *Held*, that the latter was entitled to the award of damages and to an order making him a party defendant, even though his right was for nominal damages only.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 479, 484–487; Dec. Dig. ⬤⇒178.]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Kings County.

Proceedings by the Nassau Electric Railroad Company against Catherine Cabot. From an order denying the application of John J. Boylan to be made a party defendant, he appeals. Reversed, and application granted.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and RICH, JJ.

H. E. J. MacDermott, of New York City, for appellant.

Charles L. Woody, of Brooklyn (S. B. Olney, of Lawrence, on the brief), for respondent.

CARR, J. The petitioner began a condemnation proceeding against Catherine Cabot to acquire an easement in the bed of Union street in the borough of Brooklyn, a portion of which was owned in fee by Catherine Cabot. A notice of lis pendens was filed on March 31, 1914. At that time the petitioner was in actual possession of Mrs. Cabot's property, as it maintained and operated its street railroad over and upon it. Mrs. Cabot did not own the abutting property. An order was made in the proceeding allowing the petitioner to remain in possession of the land pending the termination of the proceeding, upon condition that it gave a bond in the sum of $500 in favor of Mrs. Cabot.

[1-3] As the matter then stood, as Mrs. Cabot did not own the abutting property, she could not recover an award for damages to the abutting property arising from the maintenance and operation of the street railroad. At most, she might recover nominal damages for the imposition of the new easement upon her land already subject to a street easement. Matter of City of New York, 196 N. Y. 286, 89 N. E. 829, 37 L. R. A. (N. S.) 281. As the abutting owner did not own the fee of the roadbed, he could not recover more than nominal damages. Kennedy v. Mineola, H. & F. Traction Co., 178 N. Y. 508, 71 N. E 102. In the matter at bar, one Boylan, the present appellant, was the abutting owner. It had been held in Mayne v. Nassau Electric Railroad Co., 151 App. Div. 75, 136 N. Y. Supp. 375, affirmed 210 N. Y. 607, 104 N. E. 1134, that where the abutting owner acquired the fee to the roadbed of the street, even by a conveyance separate and subsequent to that by which he had acquired the ownership of the abutting property, the union in him of the two titles would justify a recovery by him of substantial damages in an action in equity to enjoin a continuous trespass.

Some months after the filing of the notice of lis pendens in this proceeding, and the entry of the order permitting the petitioner to enter and remain in possession of Mrs. Cabot's property, and also of the order appointing commissioners of appraisal, Mrs. Cabot released by a quitclaim deed to Boylan, the abutting owner, for the consideration of "one dollar and other valuable consideration," all her interest in the property in question. It appears in this record, undisputed, that the "other valuable consideration" consisted of an agreement between Cabot and Boylan that the latter would divide with Mrs. Cabot all the damages that he might recover by reason of the union of titles in him. Thereafter Boylan, the abutting owner, applied to this court

at Special Term for an order making him a party to this proceeding. His motion was denied; hence this appeal by him. He took title under Mrs. Cabot's quitclaim deed, subject to the notice of lis pendens and the order allowing the petitioner to remain in possession. The legal effect of that order was analogous to an "appropriation" of the land under provisions of a statute. In the latter case the damages recoverable would be estimated as of the date of the appropriation. Matter of the Mayor, 40 App. Div. 281, 58 N. Y. Supp. 58. We think this situation is not changed by the subsequent union of titles in Boylan, under the circumstances of this case.

[4] The respondent contends that the quitclaim deed of Mrs. Cabot to Boylan did not operate to transfer to the latter any right of Mrs. Cabot to an award of damages in this proceeding, and cites Matter of Mayor (Trinity Avenue), 116 App. Div. 252, 101 N. Y. Supp. 613, and numerous later cases in support of its contention. In all of these cases, so cited, title had vested in the city in street opening proceedings before the conveyance was made, and it was held that, under such circumstances, the right to an award was a personal chose in action, and would not pass to the grantee in a conveyance unless language evidencing such an intent appeared in the deed itself. In the case at bar, title is not divested from the owner until the confirmation of the report of the commissioners of appraisal, and the cases so cited do not control. We think that Boylan by the deed in question became vested with Mrs. Cabot's right to an award, and, though her right and his may be only for nominal damages, that he is entitled to be made a party to this proceeding, subject to the legal effect of the earlier steps herein as to Mrs. Cabot's title.

The order of the Special Term should be reversed, without costs, and the motion granted, without costs. All concur.