LOUISE S. PANI, Respondent, v. JOSEPH L. PANI, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

WILLIAM H. POWERS, Respondent, v. THE CITY OF NEW YORK and Others, Appellants.— Judgment reversed and new trial granted, with costs to appellants to abide the event, because of error in refusals to find as requested by defendants, that in arriving at the amount of fee damage the court had not considered noise or vibration, interference with privacy or unsightliness of the structure. In view of the substantial award of fee and rental damages in this case as compared with the nominal award for similar property similarly situated at the adjoining corner of Forty-ninth street and New Utrecht avenue, affirmed by this court (*Bakerman* v. *City of New York*, 186 App. Div. 907), there should be no confusion as to the theory upon which the learned trial judge reached his conclusion as to the damages awarded. The elements of unsightliness, interference with privacy, noise and vibration are not properly considered on the question of fee damage. (*American Bank Note Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 252; *Bischoff* v. *N. Y. E. R. R. Co.*, 138 id. 257; *Matter of Brooklyn Union Elevated Railroad Co.*, 113 App. Div. 817; affd., 188 N. Y. 553; *Messenger* v. *M. R. Co.*, 129 id. 502.) The evidence of damage to rental value was not sufficient to justify the award made by the learned trial judge. Jenks, P. J., Putnam and Kelly, JJ., concurred; Mills and Rich, JJ., concurred in the result.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SERAFINO GENOVESE, Appellant.— Judgment of conviction of the Court of Special Sessions reversed, and defendant discharged, upon the ground that the weight of the evidence even established that the defendant made no charge for the antitoxin administered, but merely charged for making the injection. Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concurred.