Benedict, J.
This is an action against certain railroad corporations and the city of New York for an *433 injunction to restrain the maintenance and operation of the elevated railroad in Eighty-sixth street in front of certain premises at the northeasterly corner of Eighty-sixth street and Twentieth avenue, in the borough of Brooklyn, or, in lieu thereof, for damages by reason of the construction and operation of the railroad.
Subsequent to the beginning of the action, the plaintiff conveyed the premises, and this raises the question whether she is entitled to recover fee damages. The deed of conveyance contained, immediately following the description of the premises conveyed, the following clause: “Also all the right, title and interest of the party of the first part in and to Eighty-fifth street arid 20th Avenue in front of and adjacent to said premises to the center line of said street and avenue respectively, reserving to the party of the first part all damages to said property caused or to be caused by the present, past or future maintenance and operation of the elevated railroad on 86th Street as now constructed and operated, and to the fee and easeménts in 86th Street in front of the above described premises to the center line thereof, now, heretofore or hereafter occupied and invaded by the said elevated railroad structure when maintained and operated as aforesaid.”
It also appeared that plaintiff, at the time the action was begun and at the time of said conveyance, owned the fee of the street in front of said premises to the center line thereof. Plaintiff having thus expressly reserved the fee of the street, as well as the easements of light, air and access, this ease seems to fall within the doctrine of McGean v. Metropolitan El. R. Co., 133 N. Y. 9, rather than that of Pegram v. New York El. R. Co., 147 id. 135, and McKenna v. Brooklyn Union El. R. R. Co., 184 id. 391, in neither of which latter *434 cases was the fee of the street reserved. Plaintiff is entitled, therefore, to recover full fee and rental damages.
Another question raised is whether the plaintiff is entitled to have considered, in estimating fee damages, such elements as noise, vibration, unsightliness of structure, etc. I have already considered this question in the case of premises very similar to those involved in the present action and similarly situated. Rainforth v. City of New York, N. Y. L. J., Nov. 27, 1918; Id. Feb. 3, 1919. The defendants seek to draw a distinction between the case of Rasch v. Nassau Electric R. Co., 198 N. Y. 385, and the case at bar, on the ground that the former involved a surface and not an elevated railroad, it being claimed that the elevated railroad cases are in a class by themselves, and that the fee damages in these cases are the same, whether the plaintiff owns the fee of the street or not, and in either case cannot be founded upon noise, vibration, etc. A reference to the opinion of Cullen, Ch. J., in the Rasch case, which was concurred in by all the members of the court who sat in the case, will show that the court recognized no such distinction. He said: “ It is contended by the learned counsel for the appellants that the recovery should have been confined to damages resulting from the injury to the easements of light, air and access to the plaintiff’s adjoining residence, and reliance is principally based on our decisions in the elevated railroad cases, of which American Bank Note Company v. New York Elevated Railroad Company (129 N. Y. 252) is the leading authority. Undoubtedly such is the rule in that class of cases, but the basis of the rule is that in those cases (without a single exception that I can find or to which our attention has been called) the plaintiff did not own the fee of the street. His right to any compensa *435 tion rested on the fact that he had easements in the street of light, air and access, and as these were his only easements, necessarily, it was only for an invasion of those easements for which he was entitled to compensation, except where the defendants were trespassers.”
An examination of the cases relied on by the defendants serves to confirm the conclusion that the Court of Appeals has not held that where the fee of the street is owned by the abutting owner, he cannot recover damages resulting from noise, vibration, etc. In the Story case (Story v. New York El. R. R. Co., 90 N. Y. 122) no question of the elements of damage was before the court, because the appeal was taken by the plaintiff from a judgment for defendant, and the Court of Appeals ordered a reversal and a new trial. In the Lahr case (Lahr v. Metropolitan El. R. Co., 104 N. Y. 268) the street in question was opened under the act of 1813, and the fee was in the city of New York. In Drucker v. Manhattan R. Co., 106 N. Y. 157, although the case was tried upon the theory that the plaintiff owned the fee of the street, the rule of damages laid down by the trial judge in his charge to the jury limited the plaintiff to recovery for injuries to his easements of light, air and access, and the appeal was by defendant, plaintiff not complaining of this ruling. Furthermore, as the action was tried by a jury, it would appear to have been an action at law, and to have been brought, therefore, for the recovery of rental damages only. It is significant that Judge Finch, who wrote the opinion in the Court of Appeals, after referring to various elements of damage coming within the impairment of the easements of light, air and access, concludes his opinion as follows: “ There remains but the annoyance of noise and the vibration of the buildings, among the
*436 specific injuries mentioned on the trial. But no objection or exception selected these out as improper elements in the proof of damage, and the question which might involve the difference of opinion among us is not here presented.” Subsequently it was held that such elements might be considered in estimating rental damages where plaintiff did not own the fee of the street, as pointed out in my opinion in the Rainforth case, N. Y. L. J., Nov. 27, 1918. In Abendroth v. Manhattan R. Co., 122 N. Y. 1, it was found by the trial court that plaintiff did not own the fee of the street, and as the evidence did not appear in the record this finding was conclusive on the Court of Appeals (see p. 12). In Kane v. New York Elev. R. Co., 125 N. Y. 164, the fee of the street was not in the plaintiff. The street was one of the so-called “ Dutch ” streets, opened prior to 1664, and the question was whether the plaintiff had any easements at all therein. That case was also an action at law brought to recover rental damages. In none of the cases of American Bank Note Company v. New York Elev. R. R. Co., 129 N. Y. 252; Messenger v. Manhattan R. Co., Id. 502, and Powers v. City of New York, 187 App. Div. 896, does it appear that the plaintiff owned or claimed to own the fee of the street. In Bischoff v. New York Elev. R. R. Co., 138 N. Y. 257, it was found that the plaintiff owned the fee of certain streets involved, but the damages were assessed upon the basis of his having only an easement, and plaintiff, who was the respondent, did not complain of this ruling. In Brooklyn Union Elevated R. R. Co. v. Olif (Matter of Brooklyn Union Elevated R. R. Co.), 113 App. Div. 817; affd., 188 N. Y. 553, a condemnation proceeding, the property owner claimed to own the fee of the street, but he based his claim only upon the old rule of presumption, long since discarded in large *437 cities at least, and not upon proof of his title. Hence his claim was without foundation. In Matter of Seaside & Brooklyn Bridge Elev. R. R. Co., 83 Hun, 143, a condemnation proceeding, in which it appeared that the plaintiff owned the fee of the street, the General Term in the second department held that the commissioners properly rejected noise as an element of damage. But no distinction was attempted to be drawn between elevated and surface railroads, and the case must, I think, be regarded as overruled, so far as the question under consideration is concerned, by the Rasch Case, supra.
In view of these considerations, I adhere to the conclusion which I reached in the Rainforth case, that where the abutting owner has the fee of the street, noise, vibration, loss of privacy and unsightliness of structure may be considered in estimating fee damages.
On the evidence, I find the rental damage to the date of the conveyance of the premises by the plaintiff to be $880 and the fee damage to be $500, after allowing all benefits due to the construction of the road.
Ordered accordingly.